**Michael FONTE and Gilda Fonte, Plaintiffs–Appellants,**

v.

**The BOARD OF MANAGERS OF CONTINENTAL TOWERS CONDOMINIUM, Defendant–Appellee.**

No. 756, Docket 87–7952.

United States Court of Appeals, Second Circuit.

Argued March 11, 1988.

Decided May 25, 1988.

Edward S. Kanbar, New York City, for plaintiffs-appellants.

Phyllis H. Weisberg, New York City (Kurzman Karelsen & Frank, New York City, of counsel), for defendant-appellee.

Before MESKILL and ALTIMARI, Circuit Judges, and MISHLER, District Judge.[*]

MESKILL, Circuit Judge:

This is an appeal from a judgment entered pursuant to an order of the United States District Court for the Southern District of New York, Duffy, J., granting defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss plaintiffs' civil rights complaint for failure to state a claim under 42 U.S.C. §§ 1981, 1982 or 3604 (1982).

Gilda Fonte, a black Hispanic woman, sued the Board of Managers of Continental Towers Condominium (the Board) on behalf of herself and her son Michael. At times relevant to this suit, the Fontes resided in an apartment in the Continental Towers building. Their complaint alleged that Michael, then six years old, was twice found sleeping in the lobby of the building and on each occasion was taken to a nearby storage or utility room and confined there to await his mother's return. The Fontes stated that Michael's removal on at least

* Honorable Jacob Mishler of the Eastern District of New York, sitting by designation.

the first of these occasions was ordered by one Goldschmidt, otherwise unidentified in the complaint, and was undertaken "because plaintiffs are Black–Hispanics." They alleged civil rights violations, citing 42 U.S.C. §§ 1981, 1982, and a section of the Fair Housing Act, 42 U.S.C. § 3604, and sought damages.

The Board moved under Fed.R.Civ.P. 12(b)(6) to dismiss for failure to state a claim. The motion also sought dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. The plaintiffs responded with an opposing memorandum of law and an affidavit of Gilda Fonte. The memorandum of law contained new factual allegations that fleshed out Goldschmidt's relationship to the defendant. Mrs. Fonte's affidavit identified Goldschmidt as the manager of the building, and stated that "[w]hite children in similar circumstances were not removed" from the lobby.

The district court granted the Board's motion and dismissed the complaint. Judge Duffy's brief ruling summarized the Fontes' allegations and identified Goldschmidt as a "member and officer of the defendant Board," information contained only in the memorandum of law. The court then stated without further elaboration that "[i]t is clear that plaintiffs' complaint does not state a claim upon which relief can be granted."

The district court's treatment of Mrs. Fonte's affidavit and the factual allegations contained in the memorandum of law raises questions that require us to vacate the judgment and remand for further proceedings. Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material. *See* Fed.R.Civ.P. 12(b). *See generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1366 (1969 & Supp.1986). On this record we are not satisfied that dismissal here was ordered in

conformity with either option. If the district court considered the affidavit in disposing of the Rule 12(b)(6) motion, it erred in failing to convert the motion to one for summary judgment as the rule requires, *see Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir.1985); *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir. 1984). Factual allegations contained in legal briefs or memoranda are also treated as matters outside the pleading for purposes of Rule 12(b). *See United Steelworkers of America, AFL–CIO v. American International Aluminum Corp.,* 334 F.2d 147, 149 (5th Cir.1964), *cert. denied,* 379 U.S. 991, 85 S.Ct. 702, 13 L.Ed.2d 611 (1965). Thus, it would also have been error for the court to consider the factual allegations contained in the plaintiffs' memorandum of law without converting the motion to one for summary judgment. Although it is plain that the district court did not convert the 12(b)(6) motion into one for summary judgment, it is difficult to ascertain whether the court meant to exclude the factual matter included in the affidavit and the memorandum. The ruling does not refer explicitly to either, but it identifies Goldschmidt with the Board, thereby making a connection not established by the complaint alone. Only the memorandum of law suggests that Goldschmidt was a "member and officer" of the Board, as the district court's ruling states. Mrs. Fonte's affidavit alleges only that he was the building manager. The court's unexplained reference to Goldschmidt at least raises the possibility that it improperly relied on matters outside the pleading in granting the defendant's Rule 12(b) motion.

Clarification of the district court's decision is necessary for another reason as well. If a civil rights complaint is to survive a motion to dismiss, it must make specific factual allegations indicating a deprivation of rights. *See Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987); *Martin v. New York State Dep't of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978) (per curiam); *Koch v. Yunich,* 533 F.2d 80, 85 (2d Cir. 1976). The complaint here, standing alone, fails to meet this threshold. We have spe-

cifically held that it is not enough to allege, as the Fontes' complaint does, that a defendant has engaged in certain conduct "because of" race. *See Martin,* 588 F.2d at 372. Because no answer had been filed, however, it would have been permissible for the plaintiffs to present the allegations of the affidavit as an amendment to the complaint in response to the 12(b)(6) motion. *See generally* 3 J. Moore, *Moore's Federal Practice* ¶ 15.07[2], at 15–33 to 15–34 (2d ed. 1987). If the affidavit could be construed as an amendment, its additional allegations would have remedied the complaint's lack of specificity. Dismissal pursuant to Rule 12(b)(6) would accordingly have been inappropriate because, viewing the complaint as amended, it does not appear beyond doubt that the Fontes could prove no set of facts entitling them to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). We realize, of course, that the plaintiffs' attorney neither filed nor said anything to indicate that the affidavit was offered as an amendment. Nor did the district judge say anything to indicate that he was *sua sponte* considering the affidavit as an amendment.

Therefore, we cannot decide the merits of this appeal on this record. Consequently, we vacate the judgment and remand for further proceedings. If the district court construed Mrs. Fonte's affidavit as an amendment to the complaint, the defendant's 12(b)(6) motion should have been denied for reasons stated above. If the court instead considered Mrs. Fonte's affidavit or the factual portions of the plaintiffs' memorandum of law, it erred and should convert the 12(b)(6) motion to one for summary judgment under Rule 56. If the court excluded the factual material outside the complaint, it should say so, explaining its reference to Goldschmidt as an officer and member of the Board, and enter a new order. Any appeal from a judgment following the entry of any order granting the Rule 12(b) motion should be assigned to this panel.

Vacated and remanded.