**Mitchell KOPEC, Appellant,**

v.

**Thomas A. COUGHLIN III, Dr. Raymond Broaddus, Robert W. Spence, Dr. Scheinfeld and F. Karcnik, M.D., Appellees.**

**No. 655, Docket 90–7670.**

United States Court of Appeals, Second Circuit.

Argued Nov. 21, 1990.

Decided Jan. 2, 1991.

Michael Rikon, New York City (Amy I. Don, and Michael Rikon P.C., New York City on the brief) for appellant Mitchell Kopec.

Sue Rosenshein, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., New York City, on the brief) for appellees Coughlin, Broaddus, Spence and Karcnik.

Kenneth Mauro, New York City (Schiavetti, De Vito, Begos, & Nicholson, New York City, on the brief) for appellee Scheinfeld.

Before TIMBERS, VAN GRAAFEILAND and WALKER, Circuit Judges.

TIMBERS, Circuit Judge:

Appellant Mitchell Kopec appeals from a judgment entered June 28, 1990, in the Southern District of New York, Whitman Knapp, *District Judge*, granting appellees' Rule 12(b)(6) motion to dismiss Kopec's complaint for failure to state a claim pursuant to 42 U.S.C. § 1983.

On appeal, Kopec contends that the district court erred in converting appellees' motion to dismiss into one for summary judgment without giving him notice and an opportunity to offer evidence to controvert that submitted by appellee Dr. Scheinfeld. Kopec also contends that his complaint is sufficient on its face to allege a cause of action under 42 U.S.C. § 1983 (1988).

█ We hold that the district court erroneously considered evidence submitted in the form of affidavits and exhibits to Dr. Scheinfeld's motion to dismiss without notifying Kopec that it was converting the motion to one for summary judgment and without allowing him an opportunity to submit evidence in opposition. We find it neither necessary nor appropriate to reach Kopec's contention that his complaint is sufficient on its face to state a claim since we remand the entire case to the district court with instructions to consider appellees' motion to dismiss as one for summary judgment.

Vacated and remanded.

## I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

█ Since this is an appeal from a judgment granting a motion to dismiss, the allegations in the amended complaint are taken as true. We consider only the facts alleged in the amended complaint. *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 196 (2 Cir.1990); *Cosmas v. Hassett*, 886 F.2d 8, 13 (2 Cir.1989).

The amended complaint alleged that in 1960 appellant's right leg was amputated above the knee as a result of an injury sustained in a car accident. He was fitted for a prosthesis in 1961. In March 1986, he was arrested. At the time of his arrest, he was not wearing a prosthesis. He was incarcerated at the Queens House of Detention from the date of his arrest until his sentencing on February 6, 1987. In May 1986, while still incarcerated at the Queens House of Detention, he was examined at Kings County Hospital. A doctor at that hospital wrote appellant a prescription for a new prosthesis. After his sentencing, Kopec became an inmate of the New York State Prison System at the Downstate Correctional Facility (Downstate). The amended complaint fails to state whether Kopec attempted to fill his prescription while incarcerated at the Queens House of Detention or at Downstate.

In June 1987, appellant was transferred to Mid–Orange Correctional Facility (Mid–Orange) in Warwick, New York. He filed a grievance in July 1987, stating that he still had not received the prescribed prosthesis. In August 1987, Dr. Francesco Karcnik, a New York State Department of Correctional Services (DOCS) physician at Mid–Orange, wrote to the Superintendent at Mid–Orange, Joseph Snow, stating that he believed appellant destroyed previous prostheses. He also informed Snow that he made an appointment for appellant to see a physiatrist, Dr. Scheinfeld.

Dr. Scheinfeld subsequently examined Kopec. On September 2, 1987, after Dr. Scheinfeld's examination of Kopec, the Central Office Review Committee at Mid–Orange issued a formal written decision which denied appellant's request for a prosthesis. It found that appellant was fully functional with crutches and that there was no evidence that a prosthesis would be more beneficial than crutches. Kopec appealed that decision to the Medical Review Board of the State Commission of Corrections (Board). In January 1988, the Board held that Kopec's prescription for the prosthesis should be filled. The Board also requested a review of appellant's medical

history to determine why a durable prosthesis could not be built for him. In response to the Board's inquiry, Dr. Karcnik sent appellant a memorandum asking why his previous prostheses had worn out as quickly as they did. He requested that Kopec locate any parts from previous prostheses.

In June 1988, Kopec was transferred to Clinton Correctional Facility (Clinton). In October 1988, Robert Spence, the Health Service Administrator at Clinton, arranged to have Kopec's crutches repaired. He also arranged to have Kopec examined at the next orthotic clinic held at Clinton. On March 3, 1989, Kopec received a prosthesis from the Department of Corrections. Kopec complained that the prosthesis did not comply with the specifications set forth in the May 1986 prescription.

On January 16, 1990, Kopec commenced the instant § 1983 action in the district court against appellees Thomas Coughlin III, Commissioner of the New York State Department of Correctional Services; Raymond Broaddus, Assistant Commissioner of DOCS for Health Services; Dr. Robert W. Spence, Clinton Correctional Facility's Regional Health Services Administrator; Dr. Karcnik and Dr. Scheinfeld, a private physician-consultant at Mid–Orange. The complaint alleged that appellees, in their individual capacities and under color of state law, violated his eighth and fourteenth amendment rights by refusing to provide him with medical care.

On March 30, 1990, appellees Coughlin, Broaddus, Spence and Karcnik moved to dismiss Kopec's complaint pursuant to Rules 12(b)(1) and 12(b)(6). After appellees' motion to dismiss was filed, Kopec amended his complaint. Dr. Scheinfeld, individually, moved to dismiss the amended complaint pursuant to Rules 12(b)(1), 12(b)(5) .and 12(b)(6). In support of his motions, Scheinfeld submitted affidavits and exhibits. On June 8, 1990, the motions were argued. During oral argument, the court stated that it would not consider the affidavits submitted by Dr. Scheinfeld. The court emphasized that it would consider only the complaint.

In a memorandum and order entered June 22, 1990, the court concluded that the acts and omissions alleged by Kopec did not establish a cognizable claim under § 1983. In doing so it relied on material contained in Dr. Scheinfeld's exhibits. On June 28, 1990, the court entered a judgment which dismissed appellant's complaint. This appeal followed.

On appeal, appellant contends that (1) the court erred in considering appellees' motion to dismiss as one for summary judgment without giving him notice and an opportunity to controvert Scheinfeld's submissions; and (2) the court erred in dismissing his complaint since it was sufficient on its face to state a claim under § 1983.

## II.

We turn first to Kopec's contention that, since the district court considered facts outside of his complaint, it converted appellees' motion into one for summary judgment. He contends that the court committed reversible error in failing to give him notice and an opportunity to respond to Scheinfeld's evidence. We agree.

We have emphasized previously that upon a motion to dismiss where materials outside the pleadings are offered, a district court should adhere strictly to the language of Rule 12(b):

"Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material. *See* Fed.R.Civ.P. 12(b). *See generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1366 (1969 & Supp.1986)."

*Fonte v. Board of Managers of Continental Towers Condominium,* 848 F.2d 24, 25 (2 Cir.1988); *see also Carter v. Stanton,* 405 U.S. 669, 671 (1972) (per curiam) (where "matters outside the pleadings were presented and not excluded by the court[,

t]he court was ... required by Rule 12(b) of the Federal Rules of Civil Procedure to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56.").

Having examined the record and the district court's memorandum and order, we conclude that the district court failed to follow either of the specified alternatives. In its memorandum and order, the court "incorporate[d] from defendants' submissions the dates plaintiff was incarcerated at various prisons, as well as Dr. Scheinfeld's written diagnoses and prescriptions." It found that those facts were "uncontroverted". The content of those submissions casted doubt on the allegations in Kopec's amended complaint. Nevertheless, Kopec was not informed that matters outside the complaint would be considered. Indeed, at oral argument the court expressly informed appellant's counsel that it would not consider Dr. Scheinfeld's exhibits.

We therefore do not understand the district court's characterization of the facts in Dr. Scheinfeld's affidavits and exhibits as "uncontroverted". This statement is simply not so in light of the court's failure to permit Kopec an opportunity to controvert the submissions in the first instance. In any event, we do not read Rule 12(b) as vesting in the district court the authority to consider matters outside the pleadings and summarily to designate them "uncontroverted". *Goldman v. Belden*, 754 F.2d 1059, 1067 (2 Cir.1985) ("[t]he court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."). Rule 12(b) clearly delineates the appropriate procedure to follow where motions to dismiss are accompanied by evidentiary submissions. We decline to uphold bypassing that procedure for the sake of expediency. *Ryder Energy Distribution Corp. v. Merrill Lynch Commod.*, 748 F.2d 774, 779 (2 Cir.1984) ("the district court should not be swayed into granting the motion because the possibility of ultimate recovery is remote."). We hold that, since the district court considered affidavits and exhibits submitted by Dr. Scheinfeld in granting the motion to dismiss, it erred in failing to convert the motion to one for summary judgment and failing to permit Kopec an opportunity to controvert those submissions. *Fonte, supra*, 848 F.2d at 25; *Goldman, supra*, 754 F.2d at 1065–66; *Ryder, supra*, 748 F.2d at 779; *Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297 (9 Cir. 1982), *cert. denied*, 467 U.S. 1251 (1984); *Moreland v. Western Pennsylvania Interscholastic Athletic League*, 572 F.2d 121 (3 Cir.1978); *Tuley v. Heyd*, 482 F.2d 590 (5 Cir.1973); *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171 (6 Cir.1971); *see also* 5A Wright & Miller, Federal Practice & Procedure § 1366 (1990) ("several courts have held that it is reversible error for the district court to consider outside matter without converting the motion to dismiss into a motion for summary judgment").

Since Dr. Scheinfeld's submissions raised questions as to the merits of Kopec's claims when left uncontroverted, we are not persuaded that the court's conclusions as to all of the appellees were not infected. Accordingly, we vacate the judgment of the district court in its entirety and remand the case with instructions to consider the motion as one for summary judgment. *Fonte, supra*, 848 F.2d at 26 (vacating judgment entered pursuant to 12(b)(6) since district court failed either to exclude matters outside the pleadings or to convert the motion to one for summary judgment); *Goldman, supra*, 754 F.2d at 1072 (same).

We express no opinion on the ultimate viability of Kopec's claims. Rather, we emphasize that appellees' motion initially should have been considered as one pursuant to Rule 56.

### III.

To summarize:

■ We hold that the district court erroneously relied on information outside of the pleadings without giving appellant notice and an opportunity to present evidence in opposition. When presented with material outside of the pleadings pursuant to a Rule 12(b)(6) motion to dismiss, the district court must either disregard such material or give

the parties notice that the motion is being converted to one for summary judgment and permit the parties to submit evidence accordingly. We vacate the judgment and remand the case with instructions to convert the motion into one for summary judgment and permit all of the parties a reasonable opportunity to present materials in accordance with a Rule 56 motion.

Vacated and remanded.