**Mitchell KOPEC, Plaintiff,**

v.

**Thomas A. COUGHLIN, III, Dr. Raymond Broaddus, Robert W. Spence, Dr. Barry Scheinfeld and Francesco Karcnik, M.D., Defendants.**

**No. 90 Civ. 0236 (WK).**

United States District Court,
S.D. New York.

July 10, 1991.

Amy I. Don, Michael Rikon, P.C., New York City, for plaintiff Mitchell Kopec.

Michael J. Asta, Schiavetti, BeVito, Begos and Nicholson, New York City, for defendant Dr. Barry Scheinfeld.

Sue Rosenshein, Asst. Atty. Gen., State of New York Dept. of Law, New York City, for defendants Thomas A. Coughlin, III, Dr. Raymond Broaddus, Robert W. Spence, Dr. Barry Scheinfeld, and Francesco Karcnik, M.D.

## OPINION AND ORDER

WHITMAN KNAPP, Senior District Judge.

By memorandum and order dated June 21, 1990 we dismissed the complaint in this action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a cognizable claim under § 1983. *Kopec v. Coughlin,* (S.D.N.Y.1990) 767 F.Supp. 463. Familiarity with that opinion is presumed. On June 28 final judgment was entered. On January 2, 1991 the Second Circuit vacated this judgment, and remanded the action to us. *Kopec v. Coughlin* (2d Cir.1991) 922 F.2d 152. Although our June 21 order stated that we had relied only on "the facts alleged in the amended complaint, coupled with certain uncontroverted facts brought to our attention by defendants", the Second Circuit correctly observed that our June 21 memorandum expressly referred to materials which were neither uncontroverted nor contained in the pleadings. This reference occurred in footnote 1, which provided:

> We incorporate from defendants' submissions the dates plaintiff was incarcerated at various prisons, as well as Dr. Scheinfeld's written diagnoses and prescriptions.

Although, as above indicated, we had assumed those submissions to have been "uncontroverted", plaintiff had not in fact conceded their propriety. Accordingly, the Court held:

> [S]ince the district court considered affidavits and exhibits submitted by Dr. Scheinfeld in granting the motion to dismiss, it erred in failing to convert the motion to one for summary judgment and failing to permit Kopec an opportunity to controvert those submissions.

922 F.2d at 155.

Upon receipt of the Court's mandate we held a conference for the purpose of providing "Kopec an opportunity to controvert those submissions". After pointing out that the only submissions in question were those set forth in footnote 1, we asked plaintiff's counsel whether or not she disputed the dates plaintiff was incarcerated at various prisons, or the fact that plaintiff had received Dr. Scheinfeld's written diagnoses and prescriptions. Thus, we stated (2/27 Minutes at 15):

> As to the two questions I've asked you, do you challenge the dates of his confinement, which are set forth, to which I took account in my first opinion without letting you know, do you challenge those dates, and do you challenge,

not the medical validity of the prescriptions, but do you challenge the fact that those were the prescriptions which were given him.

If you challenge either of those facts, we will have a conference to decide what discovery you need to deal with those particular facts and nothing else.

*See id.* at 2. Plaintiff's counsel replied that she needed to examine her entire record before responding to this inquiry, and we instructed her so to proceed.

Thereafter, by letter dated March 14 plaintiff's counsel informed us that she did not contest the dates of plaintiff's incarceration which we had relied upon[1], but did contest the diagnoses and prescriptions. The letter, in relevant part, stated:

In regard to Dr. Scheinfeld's written diagnoses and prescriptions, as annexed to defendant's moving papers, the plaintiff states that, yes, he does dispute them.

By order dated March 25 we made this letter a part of the record and directed that plaintiff serve on defendants a demand for whatever discovery might be required to resolve the dispute as to Dr. Scheinfeld's written diagnoses and prescriptions. We permitted plaintiff ten days to serve discovery demands, and allowed defendants ten days after receipt thereof to respond.

By letter dated April 5 counsel for four of the defendants informed us that plaintiff had served upon them an extensive discovery request which was "verbatim the same discovery plaintiff previously served upon State defendants but [had been] disallowed by this Court", and which far exceeded information relevant to the narrow issue of whether or not plaintiff had received the diagnoses and prescriptions of Dr. Scheinfeld. By letter dated April 9 counsel for the other defendant made similar objections to plaintiff's discovery requests.

On April 12 we issued a memorandum and order which provided in relevant part:

The plaintiff is hereby instructed to make a simple statement as to the manner in which he disputes 'the fact that those were the prescriptions which were given him', and what discovery may be necessary to resolve that dispute. Our footnote did not suggest that we had any view as to the accuracy of the written 'diagnoses' or the suitability of the 'prescriptions' and we are not now concerned with either of those questions.

Plaintiff shall deliver to defendants' counsel a copy of this statement within ten days. Defendants are to answer within ten days of its receipt.

If plaintiff fails to comply with this order within the time specified we shall assume that he withdraws the 'dispute' mentioned in his letter of March 14, and that he admits receiving the written diagnoses and prescriptions mentioned in the above-quoted footnote.

By letter dated April 18 plaintiff's counsel informed us that "[i]t is difficult for the plaintiff to comply with [the above Order] ... because the exhibits referred to ... are not diagnoses or prescriptions, the exhibits are consultation reports". The letter concludes:

However, if the Court were to improperly designate the consultation reports as diagnoses or prescriptions, plaintiff received these documents when he obtained copies of his medical file for purposes of protesting his inadequate medical treatment.

## DISCUSSION

Having afforded plaintiff the opportunity to contest the portions of the defendants' submissions relied on in footnote 1 of our June 21, 1990 Memorandum and Order, and having been informed by plaintiff that the content of these submissions are not in dispute in any manner relevant to our reliance thereon[2], we find for the reasons set forth in our June 21 memorandum that the

---

1. The March 14 letter did inform us of additional dates of incarceration of plaintiff, but this information was not responsive to our request and has no present relevance.

2. All correspondence that has occurred between counsel and the court and the minutes of all hearings that have been held since the publication of the Court of Appeals' opinion are made part of the record by order of this date.

complaint should be dismissed in its entirety. There is no genuine issue as to any material fact in dispute, and plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983.

SO ORDERED.