Raymond LLANES, Plaintiff,

v.

EMSA LIMITED PARTNERSHIP, John Doe, M.D., and the County of Westchester, Defendants.

No. 97 CIV. 9044(BDP).

United States District Court, S.D. New York.

March 10, 1998.

Jonathan Lovett, Lovett & Goulds Office, White Plains, NY, for Plaintiff.

William S. Oleson, O'Connor, McGuinness, Conte, Doyle, Oleson & Collins, White Plains, NY, for Defendants.

### MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

### INTRODUCTION

Plaintiff Raymond Llanes filed this action pursuant to 42 U.S.C. §§ 1983 and 1985

against defendants EMSA Limited Partnership, John Doe, M.D., and the County of Westchester,[1] alleging that the defendants violated his Eighth Amendment rights by denying him appropriate medical care while he was incarcerated at the Westchester County Department of Corrections (the "DOC"). Plaintiff also asserts pendent state law claims for negligence and deprivation of competent medical care. The County of Westchester (the "County") has moved under Fed.R.Civ.P. 12(b)(1), 12(b)(6), and 56 for dismissal of the amended complaint and for summary judgment.[2] For the reasons that follow, the County's motion is denied.

## BACKGROUND

A district court's function on a motion to dismiss under Fed.R.Civ.P. Rule 12(b)(6) is to assess the legal feasibility of the complaint. *Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir.1991). The issue "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Dismissal is warranted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ricciuti v. NYC Transit Authority*, 941 F.2d 119, 123 (2d Cir.1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted)). Allegations contained in the complaint must be accepted as true and construed favorably to the plaintiff. *Walker v. New York*, 974 F.2d 293, 298 (2d Cir.1992). The following recitation of the facts has been construed accordingly.

On March 19, 1997, plaintiff, while an inmate at DOC, began to experience intense abdominal pain. He repeatedly requested medical care but none was provided. Plaintiff attempted to obtain medical assistance for nearly twenty-one hours before he was taken to the infirmary, where he was cursorily examined by a physician, diagnosed as having "caught a draft," and ordered returned to his cell.

Sometime thereafter, plaintiff was readmitted to the infirmary, where he was examined by a different physician, who ordered him taken immediately to the Westchester County Medical Center. At the Medical Center, he was given x-rays and then underwent surgery for a peptic ulcer. Plaintiff remained hospitalized for approximately one month. Plaintiff alleges that prior to the surgery he experienced excruciating pain and nearly died as a result of the delay in his receiving of medical care.

After his release from the Medical Center, plaintiff's physician ordered that he receive a "soft diet," which plaintiff states he was repeatedly denied. Because DOC did not serve plaintiff meals consistent with his medically prescribed diet, he refused to eat many of the meals served to him until his release from DOC on June 27, 1997. Allegedly as a result of DOC's failure to provide plaintiff with "soft food" and his refusal to eat, plaintiff became dizzy, fell, and fractured twelve ribs as well as injured his head.

## DISCUSSION

In order to state a claim against the County for violation of Llanes' Eighth Amendment rights, the plaintiff must allege deliberate indifference to his serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The deliberate indifference standard is a high one, and will generally not be met by allegations of medical malpractice. *Estelle*, 429 U.S. at 105–106.

In this case, Llanes' medical needs were clearly serious, as he was surgically

---

1. Plaintiff's original complaint also named as defendants Joseph Stancari and Andrew P. O'Rourke, the Commissioner of the Department of Corrections and the Westchester County Executive, respectively. The plaintiff amended the complaint on February 6, 1998, removing Stancari and O'Rourke as defendants.

2. The motion currently before the Court also requests dismissal of the complaint as to defendant Stancari. Because the amended complaint does not name Stancari as a defendant, that portion of the motion is now moot. Accordingly, this Court will only consider the motion with respect to the County of Westchester.

treated for a peptic ulcer that potentially endangered his life. Plaintiff's allegations support two possible bases for a finding that the County was deliberately indifferent to his serious medical needs. First, plaintiff alleges that in spite of his having made it known to DOC officials that he was experiencing excruciating pain, medical diagnosis or treatment was not provided until nearly 21 hours after he first requested assistance. Second, DOC failed to consistently provide plaintiff with the prescribed "soft diet."

Additionally, plaintiff alleges that County officials, as a result of a prior litigation, were aware of the overall inadequacy of the medical care and services provided to DOC prisoners. County officials, the plaintiff alleges, were motivated primarily by the desire to realize cost savings through reduction of medical services. In sum, the allegations of the amended complaint state a claim for violation of plaintiff's Eighth Amendment rights.

Although the County has submitted various evidentiary materials beyond the pleadings, this Court declines to treat this motion as one for summary judgment since this litigation was only recently commenced and only minimal discovery has occurred.

### CONCLUSION

For the reasons stated, the County's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)[3] and 12(b)(6) is denied. The County's motion for summary judgment is denied with leave to renew after appropriate discovery.

**SO ORDERED.**

---

3. The County contends that the evidentiary materials it has submitted should be considered by the Court in connection with the County's motion to dismiss for lack of subject matter jurisdiction. While it is true that a court may consider matters beyond the pleadings for purposes of determining whether subject matter jurisdiction exists, in this case the allegations of the complaint clearly establish jurisdiction.