**James BROWER, Plaintiff,**

v.

**NYDIC, INC., Defendant.**

**No. 96 Civ. 7436(BDP).**

United States District Court, S.D. New York.

April 8, 1998.

Walter A. Kretz, Seiff & Krez, New York City, for Plaintiff.

Mark S. Arisohn, Pamela Kleinberg, Goodkind Labaton Rudof & Sucharow, New York City, for Defendant.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

### INTRODUCTION

Plaintiff James Brower filed this action against defendant Nydic, Inc., asserting claims arising from Brower's employment by Nydic. Nydic, a closely held corporation, owns and operates medical facilities that provide magnetic resonance imaging ("MRI") services. Brower, having substantial experience in the management of MRI facilities, joined Nydic in order to aid in the establishment of such facilities. Brower alleges, in essence, that Nydic officials fraudulently induced him into an employment relationship and thereafter breached his employment agreement by, among other things, refusing to compensate him as agreed and terminating him without cause.

Defendant has moved, pursuant to Fed. R.Civ.P. 12(b)(6), to dismiss portions of the Amended Complaint, specifically, the Second, Third, and Fourth Claims and the request for punitive damages in connection with the First Claim.

### BACKGROUND

A district court's function on a motion to dismiss under Fed.R.Civ.P. Rule 12(b)(6) is to assess the legal feasibility of the complaint. *Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir.1991). The Court accepts as true and construes favorably to the plaintiff the factual allegations in the complaint. *Walker v. New York*, 974 F.2d 293, 298 (2d Cir.1992); *Wolff v. City of New York Financial Services Agency*, 939 F.Supp. 258, 263 (S.D.N.Y.1996). The following facts have been construed accordingly.

Brower joined Nydic as vice president for sales in April 1993 and entered into an employment agreement (the "Agreement") with Nydic, signed by Nydic's president, Aron Pick. The Agreement stated that Brower would receive a bonus of 10% of his base salary for each $100,000 of Nydic's annual cash profit in excess of $300,000. Under the Agreement, Brower's term of employment would terminate in April 1997.

Brower alleges that Pick and other Nydic officials intended to manipulate the company's record-keeping in order to avoid ever having to pay Brower the agreed upon bonus. In furtherance of that goal, Brower alleges that Pick and other Nydic officials had entered into an agreement, not disclosed to Brower, under which Nydic funds were paid to Pick and others for non-business purposes in part to depress the company's profitability below the threshold that would trigger the bonus provision. Brower also alleges that he was not awarded equity interests in MRI facilities that Nydic opened during his tenure, as required by the Agreement. In September 1996, Nydic terminated Brower "for cause," but did not state any specific reason for his termination.

### DISCUSSION

The defendant has moved for dismissal of Brower's claims of fraud (primarily Claims 3 and 4), that he was entitled to a salary increase whenever Pick received a salary increase (Claim 2), and for punitive damages in connection with his wrongful termination claim (Claim 1).

An award of punitive damages typically may not be sought in an action for breach of contract arising from an employment relationship. *See Rocanova v. Equitable Life Assurance Society*, 83 N.Y.2d 603, 612 N.Y.S.2d 339, 634 N.E.2d 940 (1994). In order to support a claim for punitive damages, "(1) defendant's conduct must be actionable as an independent tort; (2) the tortious conduct must of [an] egregious nature ... (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public generally." *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 639 N.Y.S.2d 283, 287, 662 N.E.2d 763 (Ct.App.1995) (quoting *Rocanova*, 612 N.Y.S.2d at 342).

The conduct complained of in this case does not satisfy this standard. While the allegations contained in the complaint do identify egregious conduct, there is no sufficient allegation that such conduct was directed at the public generally. Therefore, defendant's motion is granted with respect to

plaintiff's request for punitive damages in connection with the wrongful termination claim.

■ Plaintiff's Second Claim, for an increase in salary based on increases in Pick's salary, is dismissed as barred by the merger clause of the Agreement. Paragraph 8.4 of the Agreement states: "This Agreement contains the entire understanding of the parties hereto with respect to the terms and conditions of Brower's employment with Nydic." Brower alleges that Pick represented to him that whenever Pick's salary was increased, Brower's salary would be increased as well. This claim is not allowed due to the clear language of the Agreement setting forth the conditions under which Brower's compensation would be increased. *See Primex Int'l Corp. v. Wal–Mart Stores, Inc.*, 89 N.Y.2d 594, 657 N.Y.S.2d 385, 679 N.E.2d 624 (Ct. App.1997) (merger clause prohibits parole evidence to modify or contradict the express terms of the agreement).

■ Defendant's motion to dismiss plaintiff's Third and Fourth Claims for fraud is denied. In order to state a claim for fraud, the plaintiff must allege "(1) a representation (or omission) of material fact, (2) which was untrue, (3) which was known to be untrue or made with reckless disregard as to the truth, (4) which was offered to induce [plaintiff] to act, and (5) which [plaintiff] relied upon to [his] injury." *Citicorp Int'l Trading Co., Inc. v. Western Oil & Refining Co., Inc.*, 790 F.Supp. 428, 435 (S.D.N.Y.1992) (quotation and citations omitted).

■ Plaintiff's allegations are adequate to state a claim for fraud. Plaintiff alleges that although he was told by Pick that he would receive a bonus if Nydic realized a particular level of cash profit, Pick and others had determined, at the time plaintiff was told that he would likely receive a bonus, that in fact he would never receive a bonus because they would manipulate Nydic's record-keeping and expenditures in order to avoid paying Brower a bonus.

Plaintiff does not improperly attempt to convert a contract claim into a fraud claim. The essence of plaintiff's fraud claim is not that Nydic breached the Agreement by fail-

ing to pay Brower a bonus, but that Pick and other Nydic officials intentionally misrepresented to Brower that he would receive a bonus when they had already decided that he would not, and that they disbursed Nydic funds for non-business purposes in furtherance of that end.

## CONCLUSION

For the reasons stated, the defendant's motion to dismiss portions of the Amended Complaint is granted in part and denied in part. That portion of the Amended Complaint that requests punitive damages in connection with the First Claim is dismissed. The Second Claim of the Amended Complaint is also dismissed. In all other respects, the defendant's motion is denied.

The defendant is ordered to file a responsive pleading within 30 days of the date of this Order, and the parties are granted 30 additional days after the filing of the responsive pleading to complete discovery. The parties are directed to file pre-trial papers no later than June 23, 1998, and to appear at 2 p.m. on June 26, 1998 for a final pre-trial conference. Thereafter, this case will be placed on the 48 hour trial ready calendar.

**SO ORDERED.**