**Judith MITCHELL, Plaintiff–Appellee,**

**v.**

**Jim DREW, Steve Halsey, Patrick Haney, Martha Rogers and Vincent Cannuscio, Defendants–Appellants,**

**Town of Southamption and Southampton Town Board, Defendants.**

**No. 04–2116.**

United States Court of Appeals, Second Circuit.

Nov. 10, 2005.

236

Joseph W. Ryan, Jr. (John R. Quinn on the brief), Joseph W. Ryan, Jr., PC, Uniondale, NY, for Defendant–Appellant Martha Rogers.

Brian S. Sokoloff, Miranda & Sokoloff, LLP, Mineola, NY, for Defendants–Appellants Jim Drew, Steve Halsay, and Patrick Haney.

S. Pitkin Marshall, New York, NY, for Defendant–Appellant Vincent Cannuscio.

David Yaffe, Law Offices of Frederick K. Brewington, Hempstead, NY, for Plaintiff–Appellee Judith Mitchell.

Present: JACOBS, SOTOMAYOR, Circuit Judges, and BRIEANT,\* District Judge.

\* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendants-appellants, members of the Southampton Town Board, appeal from an Order of the United States District Court for the Eastern District of New York (Thomas C. Platt, J.) entered March 4, 2004, dismissing their 12(b)(6) and 12(c) motions to dismiss plaintiff Judith Mitchell's complaint alleging claims of discrimination under 42 U.S.C. § 2000e (Title VII of the Civil Rights Act (as amended)), § 1981, § 1983, § 1985, and N.Y. Exec. Law § 296. Mitchell claims that the defendants-appellants discriminated against her in their hiring of Assistant Town Attorneys ("ATAs") based on her race. She further claims that defendants-appellants' alleged race-neutral reasons for not hiring her—political affiliation, and an unfavorable impression in the interview—are pretextual; to the extent that she was not hired because of her political affiliation, Mitchell challenges discrimination on that basis.

The district court denied motions by defendants-appellants to dismiss on the ground that they are entitled to absolute immunity in their hiring of ATAs. This court has appellate jurisdiction over the interlocutory appeal to the extent that it turns on a matter of law. *Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 210 (2d Cir.2003) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)).

■ Legislators, including local legislators, have absolute immunity from suit

under § 1983 for their legislative acts. *Bogan v. Scott–Harris,* 523 U.S. 44, 49, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998). Defendants-appellants contend that the hiring of ATAs qualifies as a legislative act because the ATAs serve as "confidential policymaking employees," relying chiefly on the "policymaker doctrine," which holds that "a public employee in a confidential policymaking position has no First Amendment protection from being discharged for his political beliefs, his party affiliation or his political statements." *Kaluczky v. City of White Plains,* 57 F.3d 202, 207 (2d Cir. 1995).

We need not reach the question of whether the "policymaker doctrine" applies outside the context of the First Amendment because the defendants-appellants failed to introduce into the record any evidence upon which we could base a finding that the jobs in question constituted policymaking jobs. The record contains no such evidence in part because the defendants-appellants submissions on the subject—job descriptions that were attached to their motion to dismiss—were not accepted by the district court. On appeal, defendants-appellants argue that it was error for the district court to refuse to convert their motions to dismiss into a motion for summary judgment such that the court could consider the submissions. The district court's refusal to do so is substantially discretionary, and denial under present circumstances (where the movants seek the conversion) is not error. *Cf. Kopec v. Coughlin,* 922 F.2d 152 (2d Cir. 1991) (holding that "the district court erroneously considered evidence submitted ... [with the] motion to dismiss without notifying [the non-moving party] that it was converting the motion to one for summary judgment and without allowing [the non-moving party] an opportunity to submit evidence in opposition").

Even if we were to consider the submissions attached to defendants-appellants motion papers, we would lack sufficient factual information to make the necessary assessment. The proper approach to assessing whether an employment position qualifies as a policymaking position is to "assess all the factors in order to determine whether 'there is a rational connection between shared ideology and job performance.'" *Vezzetti v. Pellegrini,* 22 F.3d 483, 486 (2d Cir.1994) (quoting *Savage v. Gorski,* 850 F.2d 64, 68 (2d Cir. 1988)). Some relevant factors are set out in *Vezzetti,* 22 F.3d at 486. Information on these factors (and any other relevant considerations) may allow the court to assess a possibly significant question as to whether the ATAs are policymakers.

For the foregoing reasons, we AFFIRM the judgment of the district court.