19-0567
*Safran v. iXblue*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand nineteen.

PRESENT:
JOHN M. WALKER, JR.,
PIERRE N. LEVAL,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

SAFRAN ELECTRONICS & DEFENSE SAS,
SAFRAN ELECTRONICS & DEFENSE GERMANY GMBH,

*Petitioners-Appellants,*

v.                                                                    No. 19-0567

IXBLUE SAS,

*Respondent-Appellee.*

_____

FOR APPELLANTS:                    STEPHEN L. DREYFUSS,
                                                    (Matthew E. Moloshok, *on the brief*),
                                                    Hellring Lindeman Goldstein &
                                                    Siegal LLP, Newark, NJ.

FOR APPELLEE:                         CAROLINE S. DONOVAN,
                                                    Foley Hoag LLP, Boston, MA

(Peter A. Sullivan, Foley Hoag LLP, New York, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on February 6, 2019, is **AFFIRMED IN PART** and **VACATED IN PART**. The SED Entities' motion for judicial notice is **DISMISSED AS MOOT**.[1]

Safran Electronics & Defense SAS ("SED") and Safran Electronics & Defense Germany GmbH ("SED Germany") (together, the "SED Entities") appeal from the judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*) denying their motion for a preliminary injunction ("PI Motion") and dismissing their petition to stay arbitration proceedings in New York and to compel arbitration in Paris ("Petition"). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm in part and vacate in part.

---

[1] On June 14, 2019, while this appeal was pending, the SED Entities moved this Court to take judicial notice of a May 10, 2019 Partial Award ("Award") rendered by the tribunal in the Paris arbitration that the SED Entities initiated in June 2018. The Award holds that the Paris tribunal has jurisdiction over the dispute between SED and iXblue. Although the Award concludes that iXblue has thus far failed to produce sufficient evidence that the dispute should be arbitrated in New York, the Award is subject to change based on ongoing discovery.

This Court may take judicial notice of appropriate documents at any time. *Apotex, Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016). But we will not take notice of documents that are "not relevant to our analysis." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994); *see also United States v. Bleznak*, 153 F.3d 16, 21 n.2 (2d Cir. 1998). The SED Entities contend that the Award is relevant primarily because it further supports their position that the District Court should have granted the PI Motion. This is incorrect. Whether we affirm the District Court's decision turns on whether the License Agreement binds SED Germany, not on whether Article IX (B) or IX (C) applies to the dispute between SED and iXblue before the Paris tribunal. For this reason, the District Court expressly declined to decide whether Paris or New York was the appropriate forum "[b]ecause the parties intended for the arbitrators to decide the scope of their jurisdiction over these claims." *Safran Elecs. & Def. SAS v. iXblue SAS*, 18-CV-7220 (LAK), 2019 WL 464784, at *7 (S.D.N.Y. Feb. 6, 2019). Because the Award is not relevant to our decision, we need not take judicial notice of it.

SED and iXblue SAS ("iXblue") are parties to a License and Know-How Agreement ("License") that permits SED to use iXblue's fiber-optic gyroscope ("FOG") know-how. Article IX (B) of the License mandates that disputes between the parties be arbitrated in Paris, except as provided by Article IX (C); Article IX (C) mandates that disputes that arise from the sale of products to end users outside of the European Union be arbitrated in New York. The parties treat these provisions as mutually exclusive—either one section governs a dispute, or the other must.

In February 2014, iXblue applied to the French Commercial Court of Nanterre for a third-party expert opinion as to whether the SED Entities had breached the License. The French Commercial Court denied the application, and iXblue appealed the denial to the Versailles Court of Appeal. The SED Entities filed a brief with the Versailles Court of Appeal urging affirmance of the French Commercial Court's decision ("French Brief") because, among other reasons, the French courts had no jurisdiction, since the License requires that all such matters be arbitrated. The Versailles Court of Appeal affirmed the French Commercial Court's decision. The parties' underlying dispute, however, went unresolved. On June 29, 2018, SED filed a request for arbitration before the Paris Tribunal de Grande Instance against iXblue in Paris, citing Article IX (B) of the License. Two weeks later, on July 13, 2018, iXblue filed a request for arbitration before the International Chamber of Commerce against the SED Entities in New York, citing Article IX (C) of the License. The SED Entities then turned to the federal courts for relief, filing the Petition and the PI Motion in the Southern District of New York. iXblue opposed the PI Motion, and separately moved to dismiss the Petition. The District Court sided with iXblue, denying the PI Motion and dismissing the case.

1. *Motion for Preliminary Injunction*

The SED Entities contend that the District Court erred by making factual findings based on the French Brief and relying on those facts to deny the PI Motion. We review the denial of a preliminary injunction for abuse of discretion. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 238 (2d Cir. 2016). To obtain a preliminary injunction, a plaintiff must demonstrate: (1) "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to

3

the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor"; (2) "that he is likely to suffer irreparable injury in the absence of an injunction"; (3) that the balance of hardships between the plaintiff and defendant "tips in the plaintiff's favor"; and (4) that the "public interest would not be disserved by the issuance of a preliminary injunction." *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010) (alterations and internal quotation marks omitted). The District Court determined that, under the License, questions of arbitrability must be submitted to the arbitrator. The court held it necessarily followed that the SED Entities had not shown a likelihood of success on the merits or sufficiently serious questions going to the merits along with a balance of hardships tipping decidedly toward them. We agree.

SED Germany first argues that it is not bound to arbitrate the claims in the Petition because, unlike SED, SED Germany is not a signatory to the License. This Circuit has recognized that a nonsignatory party may nevertheless be bound by an arbitration clause, among other circumstances, where "its subsequent conduct indicates that it is assuming the obligation to arbitrate." *Thomson-CSF, S.A. v. Am. Arbitration Assoc.*, 64 F.3d 773, 777 (2d Cir. 1995). Conduct manifesting an intent to be bound by an arbitration clause includes relying on that clause in an attempt to avoid litigation elsewhere. *E.g.*, *In re Transrol Navegacao S.A.*, 782 F. Supp. 848, 851-53 (S.D.N.Y. 1991). This is precisely what SED Germany did in the French Brief.

According to SED Germany, however, the District Court should not have considered the French Brief without holding an evidentiary hearing, never mind that SED Germany never asked for any such hearing. *Cf. Drywall Tapers & Pointers, Local 1974 v. Local 530 of Operative Plasterers Cement Masons Int'l Ass'n*, 954 F.2d 69, 77 (2d Cir. 1992) ("When parties are content in the district court to rest on affidavits, the right to an evidentiary hearing is waived."). Not so. This Court has explained that "there is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." *Md. Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997). Here, no hearing was necessary. The French Brief provided an adequate basis for the District Court's decision.

4

Whatever SED Germany's "subjective intent" with respect to the License, Appellants' Br. at 22-23, its actual conduct indicated that it "regarded itself as a party" to, and "intended to have the dispute arbitrated" consistent with, the License, *In re Transrol Navegacao S.A.*, 782 F. Supp. at 851.

The SED Entities' contention that it is unclear which of the two entities make which arguments in the French Brief strains credulity. The French Brief defines "Sagem" to include both "Sagem DS" (SED) and "Sagem GmbH" (SED Germany). Some arguments in the brief are advanced on behalf of *just one* of those entities—Sagem DS or Sagem GmbH; others are advanced on behalf of *both* of those entities—Sagem. For example, the French Brief asserts that iXblue's claims implicate only Sagem GmbH, so Sagem DS should be dismissed. The authors of the French Brief plainly knew how to argue on behalf of just one entity because, on some points, they did exactly that. The jurisdictional argument was not one of those points.

Finally, the District Court considered whether, under the License, questions of arbitrability are for an arbitrator to decide. The SED Entities and iXblue agree that the License does delegate those questions to the arbitrator. *See* Appellants' Br. at 36; Appellee's Br. at 32-33. And in any event, when "parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability," as the License does, "the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Contec Corp. v. Remote Sol. Co.*, 398 F.3d 205, 208 (2d Cir. 2005). Accordingly, the SED Entities have "shown neither a likelihood of success on the merits, nor a sufficiently serious question going to the merits along with a balance of hardships tipping decidedly toward [them] to warrant the grant of a preliminary injunction." *Spear, Leeds & Kellogg v. Cent. Life Assurance Co.*, 85 F.3d 21, 30 (2d Cir. 1996). We need go no further to affirm the District Court's denial of the PI Motion.

    2.    *Motion to Dismiss*[2]

---

[2] The District Court stated that it dismissed the Petition based on its determination that: (1) the License bound the SED Entities; and (2) all parties bound by the License agreed to arbitrate threshold questions of

The SED Entities similarly argue that the District Court erred in dismissing the Petition based on improper consideration of the French Brief.[3] We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013). A "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference"; in addition, if a "complaint relies heavily upon [a document's] terms and effect," that document is rendered "integral" to the complaint and may be considered on a motion to dismiss. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (internal quotation marks omitted). Critically, "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id.* at 153 (emphasis in original). If, in considering a Rule 12(b)(6) motion, a court takes into account "matters outside the pleadings . . . , the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This "conversion requirement is strictly enforced." *Chambers*, 282 F.3d at 154.

The French Brief was outside of the initial pleadings. The SED Entities did not attach the French Brief to the Petition, and the Petition did not mention either the brief or the dispute in which that brief was filed. Nor did the District Court take judicial notice of the French Brief. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (finding that a district court had made an "improper factual finding" instead of taking judicial notice because "the extraneous documents were used not to establish their existence,

---

arbitrability. Because SED signed and is therefore bound by the License, the District Court did not err in dismissing the Petition with respect to SED. We consider here whether the record on motion to dismiss supports the District Court's determination that SED Germany also was bound by the License.

[3] iXblue contends that the SED Entities waived this argument. We disagree. The French Brief was filed in connection with the PI Motion. It was not attached to the pleadings, and the parties did not mention it in the motion to dismiss briefing. The District Court first referenced the French Brief in its dismissal decision. The SED Entities thus had no prior notice that the District Court might *sua sponte* import documents from the preliminary injunction motion to the dismissal motion. We note that the SED Entities could have filed a motion for reconsideration, but we excuse their failure to do so because of the urgency created by the numerous ongoing proceedings.

but rather to provide the reasoned basis for the court's conclusion"). The District Court thus had only two options for how to handle the French Brief in connection with the motion to dismiss: "disregard such material or give the parties notice that the motion is being converted to one for summary judgment and permit the parties to submit evidence accordingly." *Kopec v. Coughlin*, 922 F.2d 152, 155-56 (2d Cir. 1991).

On *de novo* review, we conclude that the District Court erred by using the French Brief as a basis to dismiss the Petition with respect to SED Germany. The District Court faced unusual circumstances: Two motions were pending before the court, the PI Motion and iXblue's motion to dismiss. The French Brief was properly before the court through the PI Motion. Understandably, the District Court examined all of the papers before it in deciding both motions simultaneously. The French Brief supports the theory of assumption, which the District Court invoked.[4] Ultimately, however, the French Brief was not properly before the French Court for the purposes of assessing iXblue's motion to dismiss. And SED Germany did not have notice that the French Brief was to be the basis on which the Petition was dismissed. We think it best to afford SED Germany the opportunity to explain why the French Brief does not warrant the Petition's dismissal. Accordingly, we vacate the dismissal of the Petition with respect to SED Germany.

* * *

For the reasons set forth above, the District Court's denial of a preliminary injunction is **AFFIRMED**, but the dismissal of the Petition is **VACATED** with respect to SED Germany. The SED Entities' motion for judicial notice is **DISMISSED AS MOOT**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] We understand the theory of assumption to be distinct from judicial estoppel. We also note that an "inconsistent position must have been adopted by the court in some manner" for estoppel to apply. *E.g.*, *Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1038 & n.4 (2d Cir. 1993). In other words, the Versailles Court of Appeal's decision would have to turn on the SED Entities' jurisdictional argument for estoppel to apply here. To our knowledge, neither party has made that decision part of the record.