**Dolores M. WILBUR, Plaintiff–Appellant,**

v.

**Elton HARRIS & Town of Rockland, Defendants–Appellees.**

**No. 971, Docket 94–7765.**

United States Court of Appeals, Second Circuit.

Argued March 14, 1995.

Decided May 4, 1995.

Herbert Jordan, Jordan & Walster, Roxbury, NY, for plaintiff-appellant.

Monte J. Rosenstein, Rosenstein & Helhoski, Middletown, NY, for defendants-appellees.

Before: MESKILL, CARDAMONE, and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Plaintiff-appellant Dolores M. Wilbur ("Wilbur"), a former part-time constable of defendant-appellee Town of Rockland, New York (the "Town"), commenced an action pursuant to 42 U.S.C. § 1983 against the Town and defendant-appellee Elton Harris ("Harris"), the Town Supervisor. The action related to Wilbur's discharge as a part-time constable for the Town, which she claims was based solely on her attempt to affiliate with other town constables in a labor union. The United States District Court for the Southern District of New York (Broderick, J.) granted summary judgment for defendants on the ground that Wilbur failed to exhaust the state remedies available to her. Because a § 1983 plaintiff is not required to exhaust state administrative remedies, we reverse the judgment of the district court, and remand for further proceedings as to the merits of Wilbur's claims.

## BACKGROUND

In her complaint, Wilbur alleged that she and two other of the Town's four constables (not including a fifth, the supervisor of constables) petitioned the Town Board for the purpose of bargaining collectively to improve working conditions. Harris allegedly "commenced a course of action with the purpose and effect of destroying plaintiff['s] union, and the said defendant secured cooperation of a majority of the Town Board in so doing." Shortly thereafter, Wilbur and the other constables were discharged, allegedly on pretextual grounds.

More specifically, Wilbur stated that a Teamsters official presented her group's petition to the Town Board, notifying the Board that the constables wanted the union to represent them in collective bargaining. The Teamsters official stated that shortly after he presented the petition to the Town Board, Harris told him: "I don't like unions, and the constables don't need a union. I am not going to let a union dictate how I deal with the constables. As far as I am concerned these constables are never going to belong to a union." Harris stated that after receiving the petition, he never discussed the union with Wilbur and never threatened her or anyone else regarding the formation of a union. Within a month of the presentation of the petition, three of the four constables were terminated, allegedly for failing to file oaths of office. Wilbur, who kept her job, claimed that her hours were reduced and that she received less desirable responsibilities. She also alleged that she overheard Harris state, "Those constables are appointed; we can do whatever we want with them, and we will not recognize their union." Sev-

eral months later, Wilbur, the last remaining constable, was fired because, according to Harris, the Town no longer required her services.

By Memorandum Order dated July 27, 1994, 1994 WL 396244, the district court granted defendants' motion for summary judgment. The district court first noted the existence of a comprehensive state administrative scheme to protect the right of municipal employees to bargain collectively. Next, the district court recognized that the First Amendment protected discussions among municipal employees as to whether to participate in a labor union. The district court then reasoned as follows:

> Where labor relations remedies are available to protect First Amendment rights it is important that they be pursued, to avoid bypassing specific labor relations remedies developed over a long period of time and tailored to labor disputes. Where labor law remedies are available, converting what would otherwise be labor disputes into constitutional litigation is inappropriate.

> More generally, where state pre-deprivation remedies for an alleged constitutional violation are available, as would appear to be so before the State Public Employees Relations Board in the case of retaliation for discussing unionization, those remedies should be pursued prior to federal district court adjudication.

> Defendants' motion for summary judgment is granted in part ... *to the extent that relief cannot be granted to [Wilbur] unless the State Public Employees Relations Board or a state court were to hold that no remedy is available* in cases of this sort (as distinct from ruling that no retaliation for discussing unionization occurred).

(citations omitted) (emphasis added).

Relying on *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the district court concluded that its order "permits but does not require presentation of [Wilbur's] ... contentions to state tribunals, and ... [thus] does not involve abdication of federal jurisdiction but only deferral of its exercise."

Wilbur now appeals.

## DISCUSSION

Wilbur contends that the district court erroneously held that relief was unavailable to her as a § 1983 plaintiff unless she first exhausted her state administrative remedies. Wilbur is correct. As the Supreme Court has clearly held, the "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." *Patsy v. Board of Regents of the State of Fla.*, 457 U.S. 496, 516, 102 S.Ct. 2557, 2567–68, 73 L.Ed.2d 172 (1982). *See also Heck v. Humphrey*, —— U.S. ——, ——, 114 S.Ct. 2364, 2370, 129 L.Ed.2d 383 (1994) ("§ 1983 contains no exhaustion requirement beyond what Congress has provided"); *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 481–82, 5 L.Ed.2d 492 (1961) (§ 1983 plaintiff need not exhaust state court remedies); *Butcher v. City of McAlester*, 956 F.2d 973, 979 (10th Cir.1992) (existence of state unfair labor practice procedures does not create exhaustion requirement in suit under § 1983 by municipal employees alleging "union busting" by city in violation of First Amendment); *Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 790–91 (9th Cir.1986) (exhaustion not required where plaintiff sues for First Amendment violation under § 1983). Significantly, Wilbur does not state as a basis for her § 1983 claim a violation of the Fourteenth Amendment's procedural due process guarantee. Such claims do require analysis of state remedies because the constitutional violation on which to base a § 1983 claim is not complete until life, liberty, or property is deprived without due process of law. *See Zinermon v. Burch*, 494 U.S. 113, 125–26, 110 S.Ct. 975, 983–84, 108 L.Ed.2d 100 (1990).

The basis of the Supreme Court's decision in *Patsy* was the legislative history of § 1983's predecessor statute, *see* 457 U.S. at 502–07, 102 S.Ct. at 2560–63, and the fact that Congress had provided only a limited exception to the rule against requiring exhaustion for certain actions by prisoners, *see id.* at 507–12, 102 S.Ct. at 2563–66; 42 U.S.C. § 1997e. As the Court stated, "Congress

has taken the approach of carving out specific exceptions to the general rule that federal courts cannot require exhaustion under § 1983." *Patsy*, 457 U.S. at 512, 102 S.Ct. at 2565. Congress has provided no such exception to the rule against requiring exhaustion under § 1983 for First Amendment claims in a labor relations context. Accordingly, the district court erred in holding that Wilbur was required to exhaust her state administrative remedies prior to commencing the instant § 1983 action.

The district court may have viewed its decision as an exercise of *Pullman* abstention that would allow either a state agency or court to consider the merits of Wilbur's labor relations claim. *Pullman*, however, only applies where state law is uncertain, and a state court's clarification of the uncertain law could obviate the need for a federal constitutional ruling. *See* 312 U.S. at 499–500, 61 S.Ct. at 644–45; *Greater N.Y. Metro. Food Council v. McGuire*, 6 F.3d 75, 77 (2d Cir.1993) (*per curiam*). Nor was abstention appropriate under *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), as abstaining from addressing Wilbur's constitutional claim would not "avoid needless disruption of state efforts to establish coherent policy in an area of comprehensive state regulation." *Friedman v. Revenue Management of New York, Inc.*, 38 F.3d 668, 671 (2d Cir.1994). In summary, abstention in the instant case is squarely at odds with the holding in *Patsy* that exhaustion of state administrative remedies is not required in a § 1983 action.

## CONCLUSION

Based on the foregoing, the judgment of the district court is reversed and the case remanded for further proceedings on the merits of Wilbur's claims.