John A. TERRANOVA, the Administrator of the Estate of Nicholas Terranova, Devin Baldwin, and Lamar Oliver, Plaintiffs–Appellants,

v.

State of NEW YORK, New York State Trooper Raphael Torres, New York State Trooper Kevin Quintero, and New York State Trooper Aaron Riley, Defendants–Appellees.

Nos. 04–4549–CV(L), 04–4550–CV(CON), 04–4551–CV(CON).

United States Court of Appeals, Second Circuit.

July 25, 2005.

Michael J. Grace, Grace & Grace, York-town Heights, NY, for the Plaintiffs–Appellants.

Richard Dearing, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, on the brief; Michelle Aronowitz, Deputy Solicitor General; Gregory Klass, Robert H. Easton, Senior Assistant Solicitor Generals), New York, NY, for the Defendants–Appellees, of counsel.

PRESENT: STRAUB, SACK, Circuit Judges, and KRAVITZ, Judge.[1]

## SUMMARY ORDER

Plaintiffs John A. Terranova, the administrator of the Estate of Nicholas Terranova, Devin Baldwin, and Lamar Oliver ("Plaintiffs") appeal from the July 22, 2004, judgment of the Southern District of New York (Charles L. Brieant, *Judge*) dismissing their complaints. We assume the parties' familiarity with the facts, decision below, and issues on appeal.

■ It is well established that when materials outside the pleadings are offered upon a motion to dismiss, "a district court should adhere strictly to the language of [Federal] Rule [of Civil Procedure] 12(b)." *Kopec v. Coughlin*, 922 F.2d 152, 154 (2d Cir.1991). In such circumstances, "a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R.Civ.P. 56 and afford all parties the opportunity to present supporting material.' " *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir.2000) (quoting *Fonte v. Bd. of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir.1988)); *accord Kopec*, 922 F.2d at 154; *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) (per curiam) (where "matters outside the pleadings were presented and not excluded by the court[, t]he court was . . . required by Rule 12(b) of the Federal Rules of Civil Procedure to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56"). We have strictly enforced the conversion requirement "whenever there is a legitimate possibility that the district court relied on material outside the complaint in ruling on the motion." *See Friedl*, 210 F.3d at 83 (internal quotation marks omitted). A district court violates this requirement when it relies on affidavits or factual allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to dismiss. *See id.* at 83–84; *see Fonte*, 848 F.2d at 25. "Vacatur is required even when the district court's ruling merely makes a connection not established by the complaint alone or contains an unexplained reference that raises the possibility that it improperly relied on matters outside the pleading in granting the defendant's Rule 12(b) motion." *See Friedl*, 210 F.3d at 84 (internal quotation marks and brackets omitted).

Based on the foregoing principles, vacatur is required here. In rejecting Plaintiffs' Fourth Amendment claim, the District Court plainly relied on facts outside the pleadings. Tr. 19 (finding, based on facts which came to light through the parties' memoranda and statements at oral argument on the motion to dismiss, that "at least six or seven, and probably fourteen, vehicles and two motorcycles, which, in effect, constituted the roadblock stopped successfully in time without colliding with Trooper Torres' vehicle, with each other, or with his person"); Tr. 20 (finding further that "these particular motorcyclists were traveling at excessive speeds, allegedly from 70 to 90 miles an hour and thus

---

**1.** The Honorable Mark R. Kravitz, United States District Judge, District of Connecticut, sitting by designation.

unable to stop safely in time"); Tr. 19 (finding further that the speed of the motorcyclists was "too great to safely control the vehicles"). Furthermore, the complaints, viewed in a light most favorable to Plaintiffs and drawing all inferences in Plaintiffs' favor, can be read to allege that the officers "set[ ] up the roadblock in such manner as to be likely to kill [Plaintiffs]," which establishes the use of deadly force pertinent to a claim of an unreasonable seizure under *Brower v. County of Inyo,* 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989), especially Plaintiffs' allegations that the roadblock did not provide any opportunity for Plaintiffs to voluntarily bring themselves to a stop and that the roadblock was in an unilluminated area and in the vicinity of a curve limiting vision of the southbound parkway. *Cf. Brower,* 489 U.S. at 599, 109 S.Ct. 1378. The complaints may also be read to allege that such use of deadly force was unreasonable, under the tests set forth in *Tennessee v. Garner,* 471 U.S. 1, 3, 11–12, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), and *Graham v. Connor,* 490 U.S. 386, 395–96, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Though the complaints allege that the troopers *"believed [some motorcyclists ]* were traveling in excess of the posted speed limit," there are no facts in the complaint indicating that *Plaintiffs* were speeding or that they otherwise posed a threat of serious injury to the officers or others on the road.

■ The District Court alternatively held that Defendants were entitled to qualified immunity. In reaching this holding, the District Court also considered evidence outside of the complaint without complying with Rule 12(b). Tr. 22 (finding that the roadblock was "a customary practice done in the same fashion in which it is done practically every day in the State of New York and elsewhere, insofar as concerned its organization and the manner of

its establishment"); Tr. 22–23 (finding that the troopers' actions were objectively reasonable based on the court's fact findings that the motorcyclists were "operating in an excessive speed between 70 and 90 miles" and "that at least two of the motorcyclists had no trouble at all in stopping"). Moreover, " '[u]sually, the defense of qualified immunity cannot support the grant of a [Rule] 12(b)(6) motion for failure to state a claim upon which relief can be granted.' " *McKenna v. Wright,* 386 F.3d 432, 435 (2d Cir.2004) (quoting *Green v. Maraio,* 722 F.2d 1013, 1018 (2d Cir.1983)). "[W]e have permitted the defense to be successfully asserted in a Rule 12(b)(6) motion," *id.,* where " 'the complaint itself establishe[d] the circumstances required as a predicate to a finding of qualified immunity.' " *Id.* (quoting *Green,* 722 F.2d at 1019). Here, the complaints themselves do not establish the circumstances required as a predicate to a finding of qualified immunity. *Brower* clearly establishes that a roadblock set up in "such manner as to be likely to kill [an individual]" constitutes the use of deadly force pertinent to a claim of an unreasonable seizure, 489 U.S. at 599, 109 S.Ct. 1378, and *Garner* clearly establishes that the use of deadly force to stop an individual who does not pose a threat of serious injury to others constitutes an unreasonable seizure under the Fourth Amendment, 471 U.S. at 11, 105 S.Ct. 1694. Moreover, there is nothing in the complaints to support the District Court's finding that the officers' conduct was objectively reasonable despite the clearly established law. We emphasize, however, that "this qualified immunity determination is made in view of the procedural posture of this case." *Velez v. Levy,* 401 F.3d 75, 101 (2d Cir.2005). As in *Velez,* though Defendants are not entitled to qualified immunity on the face of the complaint, we do not discount that "a factual basis for qualified immunity may arise

as the proceedings develop." *See id.; see also McKenna,* 386 F.3d at 437.

■ We affirm the District Court's dismissal of Plaintiffs' substantive due process Fourteenth Amendment claim on the basis that a cause of action is available under the Fourth Amendment. *See Graham,* 490 U.S. at 395, 109 S.Ct. 1865 (applying Fourth Amendment analysis to arrests, investigatory detentions, and "other 'seizure[s]' of a free citizen ... [b]ecause the Fourth Amendment provides an explicit textual source of constitutional protection" as opposed to the "more generalized notion of 'substantive due process'"); *see also Lauro v. Charles,* 219 F.3d 202, 208 (2d Cir.2000) ("Supreme Court decisions have held that where a claim can be characterized as a violation of the Fourth Amendment, it should be analyzed as such, and not as a substantive due process claim.").

■ Plaintiffs do not appear to challenge the District Court's holding that Plaintiffs' claims against the State of New York and against the troopers in their official capacities are barred by the Eleventh Amendment. In any event, this aspect of the District Court's decision is affirmed. *See, e.g., Davis v. New York,* 316 F.3d 93, 101 (2d Cir.2002).

■ Finally, we vacate the District Court's dismissal of Plaintiffs' state law claims and remand to the District Court for reconsideration of whether to exercise jurisdiction. *See, e.g., Kruse v. Wells Fargo Home Mortgage, Inc.,* 383 F.3d 49, 62 (2d Cir.2004) (vacating the district court's dismissal of the plaintiffs' state law claims after vacating the district court's dismissal of federal claims " 'so that the district court may, in its discretion, exercise supplemental jurisdiction'" (quoting *Valley*

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

*Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.,* 31 F.3d 89, 103 (2d Cir. 1994))).

For the foregoing reasons, the judgment of the District Court is **AFFIRMED IN PART** and **VACATED IN PART,** and the case is **REMANDED** for further proceedings consistent with this order.