429 F.3d 48
 Joan MORRISON Plaintiff-Appellant,
v.
John JOHNSON, Donald Smith, Edward Bartley, Kevin Mahar, David Peters, Theresa Palumbo, Lori Lehner, Daniel Hulihan, John Doe, and Jane Doe, Defendants-Appellees.
No. 05-1369-CV.
 United States Court of Appeals, Second Circuit.
 Argued: October 18, 2005.
 Decided: November 10, 2005.
 
 James A. Resila, Albany, New York (Carter, Conboy, Case, Blackmore, Maloney & Laird, Albany, New York, on the brief), for Plaintiff-Appellant.
 Jennifer Grace Miller, Assistant Solicitor General, Albany, New York (Eliot Spitzer, Attorney General of the State of New York, Andrea Oser, Assistant Solicitor General, Albany, New York, on the brief), for Defendants-Appellees.
 Before: KEARSE, MINER, and HALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Joan Morrison, an employee of the State of New York ("State"), appeals from so much of a judgment of the United States District Court for the Northern District of New York, Lawrence E. Kahn, Judge, as dismissed her claims brought principally under 42 U.S.C. § 1983 against defendant State officials and employees for allegedly violating her rights to freedom of expression under the First Amendment to the United States Constitution and Article I, §§ 8 and 9, of the State Constitution (collectively the "freedom-of-speech" or "First Amendment" claims), and violating her rights to equal protection under the Fourteenth Amendment to the United States Constitution and Article I, § 11, of the State Constitution, by retaliating, and conspiring to retaliate, against her for speaking out on matters of public concern. With respect to the freedom-of-speech claims, the district court granted defendants' motion for summary judgment on the ground that Morrison failed to adduce any evidence that defendants' alleged conduct had had any actual chilling effect. On appeal, Morrison argues that, in so doing, the court applied an erroneous legal standard. We agree, and we vacate so much of the judgment as dismissed the freedom-of-speech claims and remand for further proceedings on those claims.
 
 
 2
 The Amended Complaint filed on March 28, 2002, alleged that Morrison, an employee of a division of the State's Office of Children and Family Services ("OCFS"), had lodged complaints to, inter alios, the State's Office of the Welfare Inspector General ("Inspector General's Office") and various members of the State Legislature with respect to conduct within the OCFS that Morrison viewed as fraudulent and corrupt. In addition, Morrison asserted that she had expressed her concerns to a newspaper reporter who, without identifying Morrison as a source, published an article describing her allegations. Morrison contended that defendants conspired and attempted to discipline her and to terminate her employment in retaliation for those criticisms, using as a pretext a charge that Morrison had misused her position with the State in violation of OCFS policy.
 
 
 3
 Following a period of discovery, defendants moved for summary judgment dismissing the Amended Complaint on the grounds, inter alia, that Morrison had not shown that defendants' actions had any chilling effect; that some of the defendants were not shown to have had any personal involvement in the actions taken against Morrison; that there was no causal relationship between her protected conduct and the discipline imposed; and that Morrison could not show that she would not have been subjected to the same disciplinary action in the absence of her protected conduct.
 
 
 4
 To the extent pertinent here, the district court, in a Memorandum-Decision and Order dated March 2, 2004 ("District Court Opinion"), granted defendants' motion to dismiss the freedom-of-speech claims. Citing Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir.2001) ("Curley"), the court stated that,
 
 
 5
 [a]s both parties acknowledge, in order to prevail on her First Amendment claim, Plaintiff must prove: (1) she has an interest protected by the First Amendment; (2) Defendants' actions were motivated or substantially caused by her exercise of that right; and (3) Defendants' actions effectively chilled the exercise of her First Amendment right.
 
 
 6
 District Court Opinion at 7. See also id. at 7-8 ("[I]n order to prevail on a First Amendment retaliation claim, a Plaintiff must prove that she was actually chilled in the exercise of her rights. If she was not, then she may not recover on this basis." (internal quotation marks omitted)). The court apparently applied this standard to Morrison's state-law speech claims as well.
 
 
 7
 The court concluded that Morrison had neither pleaded nor proven actual chilling:
 
 
 8
 A review of the Amended Complaint finds no allegations of Plaintiff's speech having been chilled, even subjectively. Nor does the Amended Complaint offer any allegations whatsoever that would substantiate the claim, had it been made, that the Defendants' alleged conduct has deterred Plaintiff from engaging in free speech. Further, Plaintiff's Memorandum provides no evidence, objective or otherwise, in support of the proposition that Plaintiff's speech was actually chilled. . . . [N]owhere does Plaintiff proffer evidence showing that she herself was actually chilled by any of Defendants' alleged actions. . . . Plaintiff fails to present the Court with even one specific example of a situation in which she desired to exercise her First Amendment rights but was chilled by Defendants' alleged actions.
 
 
 9
 District Court Opinion at 8-9. Rather, the court found, the evidence presented in connection with the summary judgment motion indicated that even after suffering allegedly retaliatory conduct by defendants, Morrison "continued to discuss her allegations of corruption with" the Inspector General's Office, members of the State Legislature, and a newspaper reporter. Id. at 9. The court stated that
 
 
 10
 [s]ince the Second Circuit has made clear that plaintiffs making First Amendment retaliation claims must substantiate their allegations of being chilled with specific examples and objective evidence, and since Plaintiff has presented no such evidence of actual chilling in the present action, the Court finds that Plaintiff's First Amendment claim must fail.
 
 
 11
 
 Id.
 
 
 
 12
 We disagree with the district court's statement of the law. The plaintiff in Curley was not a public employee; he was a private citizen who alleged that, in retaliation for criticizing the actions of certain public officials, he was arrested. See 268 F.3d at 73. Curley's criticisms had been aired during his unsuccessful candidacy for the office of village mayor, and he alleged that his arrest following a barroom brawl, several months after the election, was in retaliation for his criticisms of the mayor and the police chief. See id. at 68, 72-73. Having concluded that the defendants had probable cause for Curley's arrest, see id. at 69-70, we stated that in order for Curley "[t]o prevail on this free speech claim," he was required to show, inter alia, that his First Amendment rights were "actually chilled," id. at 73 (internal quotation marks omitted) (emphasis added). See also id. (affirming summary judgment dismissing the First Amendment claim because Curley had again run for public office after his arrest, and thus had shown "no chill[]").
 
 
 13
 Where the plaintiff is a public employee alleging that he suffered an adverse employment action as retaliation for the exercise of his First Amendment rights, the standard is not the principle applied in Curley. In Johnson v. Ganim, 342 F.3d 105 (2d Cir.2003), we stated that such a plaintiff must initially show that
 
 
 14
 (1) the speech at issue was made as a citizen on matters of public concern rather than as an employee on matters of personal interest, . . . (2) he or she suffered an adverse employment action, . . . and (3) the speech was at least a substantial or motivating factor in the [adverse employment action] . . . .
 
 
 15
 Id. at 112 (brackets in original) (internal quotation marks omitted); see, e.g., Morris v. Lindau, 196 F.3d 102, 110 (2d Cir.1999); Blum v. Schlegel, 18 F.3d 1005, 1010 (2d Cir.1994). Although we have indicated that a public employee plaintiff may be required to show that the adverse action is of a type that, objectively, "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights," Washington v. County of Rockland, 373 F.3d 310, 320 (2d Cir.2004) (internal quotation marks omitted) (emphasis added), in no case have we held that a public employee plaintiff is required to show that the defendants' action had an actual chilling effect. Thus, in Gill v. Pidlypchak, 389 F.3d 379 (2d Cir.2004), we stated that "it is well-settled that public employees alleging retaliation for engaging in protected speech are not normally required to demonstrate a chill subsequent to the adverse action taken against them," id. at 382 (citing Johnson v. Ganim, 342 F.3d at 112) (emphasis added). See also Gill v. Pidlypchak, 389 F.3d at 383 ("a plaintiff asserting First Amendment retaliation must allege some sort of harm, but . . . this harm" need not, "in all cases, be a chilling of speech").
 
 
 16
 Because a public employee alleging retaliation for having engaged in protected speech is not normally required to show that the defendants' conduct had an actual chilling effect, and because no unusual circumstance that might require deviation from this standard is apparent from the present record, the district court, in dismissing Morrison's First Amendment claims for failure to adduce evidence of an actual chilling effect, applied an erroneous standard of law.
 
 
 17
 The defendants here, in light of the clear statement in Gill, "have chosen not to pursue the argument [that] the district court found persuasive, i.e., that plaintiff had failed to establish a genuine issue of material fact that her First Amendment rights actually had been chilled." (Defendants' brief on appeal at 16 n.8.) Instead, they argue that summary judgment would have been appropriately granted on the ground that Morrison failed to show any causal connection between her expressive activity and the disciplinary actions taken against her, and they invite us to affirm the dismissal on that basis. We decline defendants' invitation. The district court addressed only the question of chilling effect, and issues as to the other grounds asserted by defendants in support of their motion for summary judgment have not been well developed on this appeal. Accordingly, we leave the assessment of those other grounds for summary judgment to the district court in the first instance.
 
 
 18
 Finally, we note that although the notice of appeal in this case indicated that Morrison was appealing from all aspects of the final judgment that reflected rulings against her in the March 2, 2004 District Court Opinion, her brief on appeal contains no argument as to why the court's dismissal of any of her equal protection claims was incorrect. Accordingly, we regard any challenge to the dismissal of Morrison's equal protection claims as abandoned. See generally Hobbs v. County of Westchester, 397 F.3d 133, 147 (2d Cir.2005); Day v. Morgenthau, 909 F.2d 75, 76 (2d Cir.1990); Fed. R.App. P. 28(a)(9).
 
 
 19
 The judgment of the district court is vacated insofar as it dismissed Morrison's freedom-of-speech claims, and the matter is remanded for such further proceedings with respect to those claims as may be appropriate. In all other respects, the judgment is affirmed.
 
 
 20
 No costs.