Amy WINTERS, Plaintiff,

v.

Robert A. MEYER, individually, Pam Rourke, individually, Kathleen M. La-Buda, individually, Desmond Wisniski, individually, Harvey Smith, individually, and the County of Sullivan, New York, Defendants.

No. 06 CIV. 3725(CM).

United States District Court, S.D. New York.

July 13, 2006.

Jonathan Lovett, Lovett & Gould, White Plains, NY, for Plaintiff.

Samuel S. Yasgur, Monticello, NY, for Defendants.

## DECISION AND ORDER GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT AND DENYING DEFENDANTS' MOTION TO DISMISS

MCMAHON, District Judge.

Plaintiff is a Senior Fiscal Administrative Officer employed by Sullivan County, New York. Defendants are Robert A. Meyer, Commissioner of the Sullivan County Division of Public Works; Pam Rourke, Commissioner of Personnel for the County of Sullivan; Kathleen LaBuda, member of the Sullivan County Board of Legislators; Desmond Wisniski, employee of the Sullivan County Division of Public Works; and Harvey Smith, Commissioner of General Services for the County of Sullivan, all sued in their individual and personal capacities; and the County of Sullivan, New York, a municipal corporate subdivision of the State. Before this Court is Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, Defendants' motion is denied and I grant Plaintiff leave to file a new complaint within twenty (20) days.

### A. Standard

On a motion to dismiss for failure to state a claim, federal courts examine solely the facts asserted in the complaint

and assume their truth as asserted. *See Shah v. Meeker*, 435 F.3d 244, 246 (2d Cir.2006); *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir.2004). "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Holloway v. King*, 161 Fed. Appx. 122, 124 (2d Cir.2005) (quoting *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985)). The motion should be granted only if it appears beyond doubt that plaintiffs can prove no set of facts in support their claims which would entitle them to relief. *See Holloway*, 161 Fed.Appx. 122 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "This caution applies with greater force where the complaint is submitted *pro se* or the plaintiff alleges civil rights violations." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (internal citation omitted). Application . of this standard makes clear that Plaintiff's complaint is not legally sufficient to survive Defendants' motion to dismiss.

## B.  Background

Plaintiff is a Senior Fiscal Administrative Officer employed by Sullivan County in New York. Complaint ¶ 3. Since June 2005, Defendant Robert A. Meyer (hereinafter "Meyer") has been the duly appointed Commissioner of the Sullivan County Division of Public Works. *Id.* ¶ 4. Defendant Pam Rourke (hereinafter "Rourke") has been the duly appointed Commissioner of Personnel for the County of Sullivan at all times relevant to this complaint. *Id.* ¶ 5A.[1] Defendant Kathleen M. LaBuda (hereinafter "LaBuda") has been an elected member of the Sullivan County Board of Legislators at all times relevant to this complaint and is the sister of Defendant

Wisniski. *Id.* ¶ 5B. Defendant Desmond Wisniski (hereinafter "Wisniski") has been employed in the Sullivan County Division of Public Works at all times relevant to this complaint. *Id.* ¶ 6. Defendant Harvey Smith (hereinafter "Smith") has been the duly appointed Commissioner of General Services for the County of Sullivan at all times relevant to this complaint. *Id.* ¶ 7. Defendant County of Sullivan, New York (hereinafter "County") is a municipal corporate subdivision of New York State duly existing by reason of and pursuant to the laws of said State. *Id.* ¶ 8.

Plaintiff claims that over a "substantial period of time continuing into 2005," Wisniski and another County employee engaged in a sexual relationship, through which Wisniski received preferential treatment concerning the County's mandatory requisition process. *Id.* ¶ 9. Thereafter, Plaintiff confronted Wisniski regarding his conduct. *Id.* ¶ 10. In response, Wisniski threatened plaintiff, ordering her to "stay out of his personal business," and warning her that if she pursued the matter he would disclose damaging information regarding a number of County officials (impliedly including Plaintiff) for the purpose of causing them injury with respect to their profession, occupation and/or employment. *Id.* ¶ 11. Plaintiff pursued the matter by reporting it to members of the County administration, including Smith, a friend of Wisniski's alleged lover; in response, Smith impliedly threatened Plaintiff in the event she pursued her complaint about Wisniski. *Id.* ¶ 12.

Plaintiff claims that the named defendants (except for Meyer) and the County Attorney, Samuel Yasgur, entered into an agreement in or about January 2005 to prefer against Plaintiff retaliatory disciplinary charges to effect the termi-

---

**1.** Because Plaintiff's complaint contains two paragraphs numbered "5," this opinion will refer to the first paragraph as "5A" and the second as "5B."

nation of her employment. *Id.* ¶ 14. This agreement was intended as retaliation for Plaintiff's "repeated, non-disruptive expressions of concern regarding Wisniski." *Id.* ¶ 14. The defendants and Yasgur further agreed to pursue disciplinary charges against other County officials on the basis of allegations made by Wisniski, which Plaintiff claims stem from Wisniski's warning to her to "stay out of his personal business." *Id.* ¶ 14.

In furtherance of this agreement, Plaintiff was summoned before Rourke, the County's Commissioner of Personnel, in February 2005 to answer questions regarding "allegations of wrongdoing in the Sullivan County government." *Id.* ¶ 15. Plaintiff attended that meeting because she believed that "the County was finally intending to pursue her allegations of corruption." *Id.* ¶ 15.

In mid-March of 2005, Plaintiff and several County administrators met with La-Buda regarding allegations of corruption within the Sullivan County Administration. *Id.* ¶ 13. At that meeting, LaBuda asserted that Wisniski's sexual relationship was not criminal in nature while an administrator claimed that the wrongdoing was not limited to the sexual relationship. *Id.* ¶ 13. Plaintiff further claims she was subjected to two investigatory interviews and was deposed by the County Attorney.[2] *Id.* ¶ 16. At that deposition, Plaintiff claims the County Attorney repeatedly threatened her with criminal prosecution, screamed at her, and at one point leaned across the table and yelled at her that she "would never again work for the County of Sullivan." *Id.* ¶ 16.

In June 2005, Meyer was appointed Commissioner of the Division of Public Works and "immediately agreed to participate in the retaliatory plan." *Id.* ¶ 17. In furtherance of that plan, Meyer suspended Plaintiff without pay and preferred against her frivolous disciplinary charges in December 2005. *Id.* ¶ 17. Meyer allegedly agreed with the other named Defendants and the County Attorney that the end result of the disciplinary proceeding would be Plaintiff's termination from employment. *Id.* ¶ 17. In or about December 2005, Meyer and Rourke met at least three times with the officer overseeing the disciplinary hearing, *ex parte*, to ensure that he understood Plaintiff's termination to be the intended objective and that he was obliged to render a report and recommendation to Meyer on the basis of which Plaintiff's termination could be predicated. *Id.* ¶ 18.

The disciplinary proceeding was held on May 4–5, 2006, at which Plaintiff alleges the hearing officer repeatedly manifested overt bias against Plaintiff and her counsel by refusing, *inter alia*, to permit defense counsel to elicit from Meyer the substance of the unlawful *ex parte* communications. *Id.* ¶ 19. At that proceeding, Plaintiff identified without contradiction that the County Attorney had told her she would never be employed again by the County. *Id.* ¶ 19.

## C. Claims

Plaintiff claims that (1) Defendants' conduct violated her right to free speech under the First Amendment of the United States Constitution, *Id.* ¶ 22; (2) Defendants' conduct violated her right to petition the government for redress of grievances under the First Amendment of the United States Constitution, *Id.* ¶ 24; and

---

**2.** The paragraphs in Plaintiff's complaint are not presented chronologically and it is therefore unclear whether the "two investigatory interviews" and "stenographically recorded deposition" she alleges in Paragraph 16 include or are separate from the mid-March 2005 meeting with LaBuda she references in Paragraph 13.

(3) Defendants [3] selectively prosecuted her in violation of her right to equal protection under the laws under the Fourteenth Amendment of the United States Constitution, *Id.* ¶ 26. Plaintiff claims Defendants acted in concert and under color of New York State law in violating her rights under the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983. *Id.* ¶ 1.

Plaintiff seeks compensatory and punitive damages. *Id.* ¶¶ 20, 26.

By motion dated June 5, 2006, Defendants move for dismissal for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Defendants submitted an amended Memorandum of Law on June 6, 2006, seeking dismissal on two grounds: (1) that Plaintiff cannot in any way prove unlawful retaliation where the speech for which she claims retaliation was not protected by the Constitution; and (2) that Plaintiff has failed to exhaust state remedies available to her and this Court should therefore abstain from hearing her complaint.

### D. Motion to Dismiss for Failure to State a Claim

Defendants first claim that dismissal of the complaint is required because Plaintiff can prove no set of facts that would entitle her to relief. *See* Defendants' Amended Memorandum of Law in Support of Motion to Dismiss the Complaint ("Amended Mem.") at 1–2. Defendants assert that Plaintiff's allegations against Wisniski, for which she allegedly suffered retaliation, were made pursuant to her official duties and are not constitutionally protected speech under the Supreme Court's recent decision in *Garcetti v. Ceballos*, — U.S. ——, 126 S.Ct. 1951, 164 L.Ed.2d 689

(May 30, 2006). *See* Amended Mem. at 2. In their Reply Memorandum, Defendants insist that Plaintiff's position as Senior Fiscal Administrative Officer "necessarily has duties regarding fiscal matters" and that it would be incongruous to claim that an employee holding that position would not be under an official or actual duty to make allegations regarding another County employee's theft of County money and violation of the requisition process. *See* Defendant's Reply Memorandum of Law in Support of Motion by All Defendants to Dismiss the Complaint ("Reply Mem.") at 2, 4.

■ Because this Court is under a clear mandate to consider only the complaint in deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or else convert the motion into a motion for summary judgment pursuant to Fed.R.Civ.P. 56 and expand discovery to allow further evidence, *see Terranova v. New York*, 144 Fed.Appx. 143, 145 (2d Cir.2005); *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir.2000), it would be inappropriate to determine, as a matter of law and based solely on Defendants' allegations, that Plaintiff's claim necessarily falls within the parameters of *Garcetti*. I therefore decline to dismiss her complaint on that ground.

■ However, Plaintiff remains under a duty to submit a well-pleaded complaint. As the Second Circuit has explained, where the plaintiff is a public employee alleging that she suffered an adverse employment action in retaliation for the exercise of her First Amendment rights, she must initially show that: (1) her speech was constitutionally protected, (2) she suffered an adverse employment action, and (3) there is a causal relationship between

---

**3.** Plaintiff's complaint alleges "Plaintiff's" (sic) selectively prosecuted her. Because this is an obvious typographical error, this Court will infer that she claims "Defendants" selectively prosecuted her.

her utterance of the speech and the subsequent adverse employment action. *See New York State Law Officers Union v. Andreucci*, 433 F.3d 320, 327 (2d Cir.2006); *see also Morrison v. Johnson*, 429 F.3d 48, 51 (2d Cir.2005) (citing *Johnson v. Ganim*, 342 F.3d 105 (2d Cir.2003)). The Second Circuit has held time and again that plaintiffs alleging retaliation claims under § 1983 must plead *in their complaints* that their conduct was protected by the First Amendment. *See Gagliardi v. Village of Pawling*, 18 F.3d 188, 194 (2d Cir.1994) (quoting *Brady v. Town of Colchester*, 863 F.2d 205, 217 (2d Cir.1988)); *see also Friedl v. City of New York*, 210 F.3d 79, 85–86 (2d Cir.2000); *Bernheim v. Litt*, 79 F.3d 318, 324 (2d Cir.1996); *Easton v. Sundram*, 947 F.2d 1011, 1015 (2d Cir. 1991). *See also Cruz v. Coach Stores, Inc.*, 202 F.3d 560 (2d Cir.2000) (affirming dismissal under Rule 12(b)(6) where plaintiff failed to make *prima facie* case for failure to promote and retaliation claims); *Lincoln v. Potter*, 418 F.Supp.2d 443, 456 (S.D.N.Y.2006) (McMahon, J.) (analyzing Rule 12(b)(6) motion by determining whether complaint established *prima facie* case of ADEA retaliation). "To survive a motion to dismiss, such claims must be 'supported by specific and detailed factual allegations,' not stated 'in wholly conclusory terms.'" *Friedl*, 210 F.3d at 85–86 (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir.1983)). This requirement of showing in the complaint that one's speech is protected by the First Amendment exists regardless of whether the plaintiff is a public employee or not, despite the other differences in elements to be proven by a public employee's claim of First Amendment retaliation. *See Morrison*, 429 F.3d at 51.

■ Here, Plaintiff's complaint identifies the conduct at issue—her "repeated, non-disruptive expressions of concern regarding Wisniski"—but fails to plead any facts to support her allegation that such expressions were constitutionally protected in light of *Garcetti*. This is wholly understandable, since *Garcetti* came down *after* Plaintiff filed her complaint.

■ Defendants ask this Court to hold (as a matter of first impression) that, in light of *Garcetti*, a government employee plaintiff bringing a First Amendment retaliation claim must allege affirmatively that the speech or expression that led to the retaliation was not made pursuant to official or actual job duties or obligations. *See* Reply Mem. at 3. Since the Second Circuit has required plaintiffs to plead in a non-conclusory way that their speech or expression was protected by the First Amendment and since, after *Garcetti*, a government employee's speech or expressions do not receive such protection when they are made "pursuant to [the employee's] official duties," *see Garcetti*, 126 S.Ct. at 1960, a plaintiff such as Winters needs to plead facts tending to show that her speech remains protected after *Garcetti*. Because the legal landscape has changed, through no fault of Plaintiff's, it would be inappropriate to dismiss her complaint without allowing her the opportunity to plead facts that would allow her to vindicate her constitutional rights. Therefore, I will give Plaintiff twenty (20) days in which to file a new complaint, one containing factual allegations that will satisfy 42 U.S.C. § 1983.

*E. Abstention Inappropriate Where Plaintiff Not Required to Exhaust State Administrative Remedies*

■ Defendants further argue that Plaintiff should not be allowed to bring the instant action because the disciplinary action taken against her has not yet been completed and she therefore has failed to exhaust the administrative remedies avail-

able to her under state law. *See* Amended Mem. at 8. The Supreme Court and the Second Circuit have made clear that a § 1983 plaintiff is not required to exhaust state administrative remedies before bringing her claim. *Wilbur v. Harris,* 53 F.3d 542, 543 (2d Cir.1995); *see also Williston v. Eggleston,* 379 F.Supp.2d 561, 569 (S.D.N.Y.2005). I therefore deny Defendants' motion on this ground.

■ Defendants further argue that the complaint should be dismissed on the ground of abstention. *See* Amended Mem. at 8. Defendants fail to indicate which abstention doctrine they believe applies here, but the cases they cite discuss *Pullman* abstention. *See R.R. Comm'n v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). As Plaintiff points out, *Pullman* abstention requires "three essential conditions," none of which appear to be present in the instant matter. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss at 8. Those conditions are: "that the state statute be unclear," "that resolution of the federal issue depend[s] upon the interpretation to be given to the state law," and "that the state law be susceptible of an interpretation that would avoid or modify the federal constitutional issue." *Moe v. Dinkins,* 1980 WL 19449 *2, 1980 U.S. Dist. LEXIS 12334 *5, (S.D.N.Y.1980). In the instant matter, Plaintiff's three claims rest on her federal constitutional rights and the federal statute enacted to protect them. *See Bracey v. Bd. of Educ. of City of Bridgeport,* 368 F.3d 108, 115 (2d Cir.2004). Because there is no state statute at issue and because resolution of Plaintiff's federal constitutional claims does not depend on an interpretation of such state law, *Pullman* abstention is inappropriate. Similarly, Defendants' citation to *Ewe Distributors Inc. v. Chu,* 629 F.Supp. 1527 (E.D.N.Y.1986) is misplaced. There, the

court noted that "the essence of the Pullman doctrine is that there be an unsettled question of state law." *Id.* at 1532 (internal citation omitted). Here, Defendants identify no such "unsettled question." And, to the extent they imply that the final determination of the disciplinary proceeding directed at Plaintiff is "unsettled," it is sufficient to note that she claims her constitutional rights have already been violated. Abstention is thus unwarranted where the final outcome of that proceeding, whatever it may be, could not determine whether the proceeding itself has violated her constitutional rights.

## F. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim is hereby denied and Plaintiff is granted twenty (20) days in which to re-plead.