19-1247-cv
Tortora v. City of New York

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty.

PRESENT:  REENA RAGGI,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*.

------------------------------------------------------------------

ROBERT TORTORA,

*Plaintiff-Appellant*,

v.                                                                   No. 19-1247-cv

CITY OF NEW YORK, POLICE DETECTIVE
MALCOM DANZIGER, POLICE OFFICER
TIMOTHY DONNELLY, & POLICE OFFICERS
JOHN/JANE DOES #1-3,

*Defendants-Appellees*.

------------------------------------------------------------------

FOR PLAINTIFF-
APPELLANT:               ROBERT RICKNER, Rickner PLLC, New York, NY.

FOR DEFENDANTS-
APPELLEES:               MACKENZIE FILLOW, Assistant Corporation Counsel (Fay Ng, Assistant Corporation Counsel, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Margo K. Brodie, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Robert Tortora appeals from a judgment of the District Court (Brodie, J.) granting summary judgment to the Defendants-Appellees. On appeal, Tortora challenges only the District Court's dismissal of his Fourth Amendment claims against Detective Malcom Danziger of the New York City Police Department (NYPD) for false arrest under 42 U.S.C. § 1983 and for excessive pre-arraignment detention under § 1983 and New York State law.[1] We assume the parties'

---

[1] Tortora has waived his other claims and challenges, including those relating to the spoliation sanction and the dismissal of his claims against the City of New York. See Appellant Br. at 3 n.2. To the extent Tortora has not waived any of these claims

2

familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the District Court's grant of summary judgment de novo, viewing the evidence in the light most favorable to Tortora, the non-moving party. See Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 69 (2d Cir. 2015).

Tortora was arrested in New York for burglary in the third degree after an eyewitness identified Tortora in a photograph as the alleged perpetrator. The eyewitness later identified Tortora in a lineup conducted at a police station. Forty-nine hours after his arrest, Tortora was arraigned, but the charges against him were eventually dismissed.

I.    False Arrest Claim Under § 1983

The District Court granted summary judgment in Danziger's favor on Tortora's false arrest claim on the ground that Danziger had probable cause to make the arrest. In reviewing the dismissal of Tortora's § 1983 claim for false arrest, we "generally look[] to the law of the state in which the arrest occurred." Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006) (quotation marks omitted). In

expressly, he has abandoned them. See Morrison v. Johnson, 429 F.3d 48, 52 (2d Cir. 2005).

3

New York, a police officer has probable cause to arrest when he has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Id. at 152 (quotation marks omitted).

Here, an eyewitness told Danziger that she observed men in her neighbor's shed. The eyewitness identified Tortora as one of the perpetrators. Based on the eyewitness's initial identification, Danziger had probable cause to arrest Tortora. See Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000) ("[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." (quotation marks omitted)). "Under New York law, the existence of probable cause is an absolute defense to a false arrest claim." Jaegly, 439 F.3d at 152.

Tortora argues that probable cause for the arrest dissipated as soon as he provided Danziger with an alibi supported by statements from a former NYPD detective. For substantially the reasons provided by the District Court, we are not persuaded by this argument.

II.    Excessive Pre-Arraignment Detention Claims

The District Court also dismissed Tortora's § 1983 excessive pre-arraignment detention claim because there was "no evidence in the record to support [Tortora's] claim that Detective Danziger either directly or indirectly exercised control over the length of [Tortora's] detention or engaged in any conduct that contributed to delaying [Tortora's] arraignment." Special App'x 22. We agree.

When a warrantless arrest is made, a judicial determination of probable cause must be made "promptly" or within 48 hours. County of Riverside v. McLaughlin, 500 U.S. 44, 55 (1991). A delay of over 48 hours is presumptively unreasonable and shifts the burden to the Government to prove a "bona fide emergency or other extraordinary circumstance" justifying the delay. Id. at 57. The parties agree that Tortora was detained pre-arraignment for forty-nine hours, a presumptively unreasonable delay, and Danziger does not assert any extraordinary circumstance to justify the delay. But Tortora failed to adduce admissible evidence that Danziger was personally involved in the excessive pre-arraignment detention. See Provost v. City of Newburgh, 262 F.3d 146, 154–55 (2d Cir. 2001) ("[I]t is well settled in this Circuit that personal involvement of

5

defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quotation marks omitted)).  The record shows that, within twenty-four hours of Tortora's arrest, Danziger went to the courthouse, met with the prosecutor, and was prepared to sign the complaint.  Nothing in the record shows that Danziger was personally involved in any delay beyond that point or was otherwise responsible for any constitutional violation.

Finally, we agree with the District Court that Tortora's state-law claim arising out of the pre-arraignment delay under section 140.20 of the New York Criminal Procedure Law[2] fails as a matter of law because that statute creates no private right of action.  See Watson v. City of New York, 92 F.3d 31, 36–37 (2d Cir. 1996).

---

[2] N.Y. CRIM. PROC. § 140.20(1) provides:

Upon arresting a person without a warrant, a police officer, after performing without unnecessary delay all recording, fingerprinting and other preliminary police duties required in the particular case, must except as otherwise provided in this section, without unnecessary delay bring the arrested person or cause him to be brought before a local criminal court and file therewith an appropriate accusatory instrument charging him with the offense or offenses in question.

We have considered Tortora's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court