19-1606
Negron v. Winer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty.

PRESENT:  BARRINGTON D. PARKER,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　STEVEN J. MENASHI,
　　　　　　　　　*Circuit Judges.*

------------------------------------------------------------------

CORALYS NEGRON, FRANCISCO NEGRON,

　　　　　*Plaintiffs-Appellees*,

　　　v.　　　　　　　　　　　　　　　　No. 19-1606

JASON WINER,

　　　　　*Defendant-Appellant*.\*

------------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT
JASON WINER:                    LAUREN WINER-BECK,
                                Stratford, CT.


FOR PLAINTIFFS-APPELLEES
CORALYS NEGRON AND
FRANCISCO NEGRON:               DANIEL S. BLINN, Consumer
                                Law Group, LLC, Rocky Hill,
                                CT.

Appeal from a judgment of the United States District Court for the District

of Connecticut (Janet C. Hall, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Jason Winer appeals from a judgment following a bench trial conducted by

the District Court (Hall, J.), in which Winer was found liable for breach of the

implied warranty of merchantability, violation of Connecticut's Retail

Installment Sales Finance Act (RISFA), and violation of the Connecticut Unfair

Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq.  We assume the

parties' familiarity with the underlying facts and prior record of proceedings, to

which we refer only as necessary to explain our decision to affirm.

On appeal, Winer argues that the District Court erred in exercising

#

supplemental jurisdiction over the state law claims of Coralys and Francisco Negron. Winer also argues that the District Court erred in finding Winer liable under CUTPA for two primary reasons: first, the price written on the windshield of the vehicle in question was not an "advertisement," as defined under Conn. Agencies Regs. § 42-110b-28(a)(3), a regulation promulgated by the Department of Consumer Protection under CUTPA; and second, Winer was not a licensed used car dealer as he claims is required to be liable under § 42-110b-28(b)(1).[1]

We reject Winer's arguments for substantially the reasons provided by the District Court in its thorough May 7, 2019 opinion.

We have considered Winer's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Winer has abandoned his other claims and challenges, including those relating to the District Court's findings of liability for breach of the implied warranty of merchantability and for violation of RISFA. See Morrison v. Johnson, 429 F.3d 48, 52 (2d Cir. 2005).

#