Klein v. Zugabie

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of November, two thousand twenty-one.

PRESENT:    AMALYA L. KEARSE,
            RAYMOND J. LOHIER, JR.,
            JOSEPH F. BIANCO,
                *Circuit Judges*.

------------------------------------------------------------------

SHMUEL KLEIN,

     *Plaintiff-Appellant*,

      v.                                                      No. 20-1975-cv

THOMAS P. ZUGABIE, IN HIS OFFICIAL CAPACITY AS ROCKLAND COUNTY DISTRICT ATTORNEY, DEMEZA DELHOMME, IN HIS OFFICIAL CAPACITY AS MAYOR OF THE VILLAGE OF SPRING VALLEY, PAUL MODICA, IN HIS OFFICIAL CAPACITY AS A POLICE CHIEF FOR THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, POLICE OFFICER JOHN BELTEMPO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, LOUIS SCORZIELLO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER OF THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, JOHN DOE, JANE ROE, XYZ,

Defendants-Appellees.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:         SHMUEL KLEIN, *pro se* (Joshua N. Bleichman, *on the brief*, Bleichman & Klein, Spring Valley, NY)

FOR DEFENDANTS-APPELLEES
Demeza Delhomme, in his official capacity as Mayor of the Village of Spring Valley, Paul Modica, in his official capacity as a Police Chief for the Village of Spring Valley Police Department, Police Officer John Beltempo, individually and in his official capacity as a Police Officer

---

* The Clerk of Court is directed to amend the caption as set forth above.

for the Village of Spring Valley Police Department, Louis Scorziello, individually and in his official capacity as a police officer of the Village of Spring Valley Police Department:

BRYAN SOKOLOFF (Cooper Binsky, *on the brief*), Sokoloff Stern LLP, Carle Place, NY

FOR DEFENDANTS-APPELLEES Thomas P. Zugabie, in his official capacity as Rockland County District Attorney, and Jane Roe:

ROBERT B. WEISSMAN, Saretsky Katz & Dranoff, LLP, Elmsford, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Shmuel Klein appeals from the May 28, 2020 judgment of the United States District Court for the Southern District of New York (Román, J.) in an action brought under 42 U.S.C. § 1983 claiming violations of various Amendments to the United States Constitution and under New York state law for malicious prosecution and conspiracy to do the same, false arrest, excessive force, assault, battery, and New York state constitutional torts. These claims arose from the

3

2010 arrest of Klein, who was an attorney at the time, by Spring Valley Police Department officers John Beltempo and Louis Scorziello and from his prosecution by the Rockland County District Attorney's Office for retaining and refusing to return packages that the United Parcel Service, Inc. ("UPS") had misdelivered to him. The District Court dismissed Klein's claims on various grounds.[1] We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

This Court reviews <u>de novo</u> a district court's dismissal of a complaint under Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. <u>Libertarian Party of Erie Cty. v. Cuomo</u>, 970 F.3d 106, 121 (2d Cir. 2020).

We begin with the District Court's determination that most of Klein's § 1983 and state claims against the Defendants-Appellees are time-barred. We agree. Klein's § 1983 claims and New York state constitutional claims are subject to a three-year limitations period. See <u>Hogan v. Fischer</u>, 738 F.3d 509,

---

[1] On December 23, 2020, this Court dismissed as untimely Klein's appeal relating to the other defendants who are not the Defendants-Appellees in this appeal: UPS, David P. Abney, Richard Smith, George Kellinger, and D. Scott Davis.

517 (2d Cir. 2013) (42 U.S.C. § 1983); 423 S. Salina St. v. City of Syracuse, 68 N.Y.2d 474, 482 (1986) (New York state constitutional claims). The state common law claims against Mayor Delhomme, Police Chief Modica, and police officers Beltempo and Scorziello are subject to a limitations period of one year and ninety days. See N.Y. Gen. Mun. Law § 50-i(1)(c); Baity v. City of Buffalo, 72 N.Y.S.3d 296, 297 (4th Dep't 2018). Other than Klein's malicious prosecution claim, these federal and state law claims accrued in March 2010 and by the latest March 2011, approximately four years before Klein initiated this action. Accordingly, those claims were untimely and properly dismissed.

The District Court also determined that the notice of claim filed with the Village of Spring Valley relating to the claims against Mayor Delhomme, Police Chief Modica, and the police officers was deficient because it failed to assert a claim of malicious prosecution. We conclude that it correctly dismissed the malicious prosecution claims for that reason. See Finke v. City of Glen Cove, 866 N.Y.S.2d 317, 319 (2d Dep't 2008) ("[C]auses of action for which a notice of claim is required which are not listed in the plaintiff's original notice of claim may not be interposed. . . ." (quotation marks omitted)). The District Court also

properly dismissed the federal malicious prosecution claims against Mayor Delhomme and Police Chief Modica because there were no allegations that could establish their personal involvement in the prosecution. See Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010).

We next affirm the District Court's dismissal of the § 1983 malicious prosecution and conspiracy claims for money damages against District Attorney Thomas P. Zugabie[2] on Eleventh Amendment sovereign immunity grounds. Zugabie was sued in his official capacity, while the allegations against him all relate to decisions made while acting in his prosecutorial capacity. And in New York, district attorneys prosecuting a criminal matter act in a quasi-judicial capacity and represent the State, not the county. Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993). Klein's § 1983 and state law causes of action seeking damages for malicious prosecution against Zugabie in his official capacity (the only capacity in which he was sued) are therefore barred by Eleventh Amendment sovereign immunity. See id. at 529 ("To the extent that

---

[2] The then-District Attorney's name is Thomas Zugibe, not Zugabie. As the name was spelled "Zugabie" throughout the proceedings below, "we feel constrained to adhere to the erroneous spelling," Ford Motor Credit Co. v, Milhollin, 444 U.S. 555, 555 n.* (1980).

[a § 1983] claim is asserted against the state official in his official capacity, he may assert the state's Eleventh Amendment immunity against suit. . . .").

For similar reasons, the District Court was also correct in dismissing the claims for money damages against Defendant Jane Roe, later identified as Assistant District Attorney Jennifer Parietti. To the extent that Klein sued Parietti in her official capacity, Eleventh Amendment sovereign immunity bars the malicious prosecution claim against her. See id. And to the extent that Parietti was sued in her individual capacity for her conduct during the prosecutorial phase of the criminal process against Klein, we agree with the District Court that common-law absolute immunity bars the claims against her. Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995). As the District Court pointed out, all of the allegations against Parietti relate to her exercise of prosecutorial, not investigative or administrative, duties. "[P]rosecutors performing prosecutorial activities that are intimately associated with the judicial phase of the criminal process are entitled to absolute immunity from an action for damages under § 1983." Ying Jing Gan, 996 F.2d at 530 (quotation marks omitted).

In addition, although Klein's prayer for relief sought declaratory and injunctive relief, on appeal he does not press any argument with respect to their dismissal.   He has therefore abandoned any quest for that type of relief.   <u>See</u> <u>Morrison v. Johnson</u>, 429 F.3d 48, 52 (2d Cir. 2005).

Finally, the District Court also properly dismissed Klein's malicious prosecution and conspiracy claims against police officers Beltempo and Scorziello because they were never served with a summons.   We review a district court's dismissal for insufficient service of process for abuse of discretion. <u>Thompson v. Maldonado</u>, 309 F.3d 107, 110 (2d Cir. 2002).   On appeal, Klein does not meaningfully dispute that service was inadequate.   And in any event, having reviewed the record, we find no abuse of discretion in the District Court's determination.

We have considered all of Klein's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court